COLE, Judge.
The issue in this criminal case is whether or not the trial court erred in ruling on certain evidentiary matters. The facts giving rise to this litigation are as follows.
Defendant Earl Volpe was indicted by a grand jury for aggravated battery following an incident which occurred in the Louisiana State Penitentiary at Angola. He slashed a fellow inmate with a razor blade as the inmate passed in front of defendant’s cell on the way to the shower. Defendant claimed he was acting in self-defense because he had received verbal threats from the victim and recent warnings from other prisoners about his dangerous character.
A jury convicted defendant of second degree battery, a responsive verdict for the crime of which he was indicted. After the State filed an habitual offender petition under La.R.S. 15:529.1, defendant was adjudicated a fourth felony offender and sentenced to serve twenty years at hard labor consecutively with any other imposed sentences.
Defendant assigns three errors:
(1) the trial court erred in denying suppression of the razor blade which had not been made available to defendant after his motion for discovery;
(2) the trial court erred in refusing to admit certain testimony under the res ges-tae exception to the hearsay rule; and
(3) the trial court erred in ruling defendant failed to show an overt act or a hostile demonstration by the victim thus precluding testimony as to the dangerous character of the victim and his threats against the accused.
ASSIGNMENT OF ERROR NUMBER ONE
Pursuant to Code Crim.P. art. 718, defendant filed a motion for discovery and inspection requesting the state to “... authorize the defendant to inspect ... tangible objects ... which are within the possession, custody, or control of the state, and ... are intended for use by the state as evidence at the trial_” The State answered the motion and agreed to allow discovery and inspection of the above. Defendant did not exercise his right to inspect the evidence. When the State attempted to introduce the razor blade used in the attack, defense counsel objected, alleging he had no notice of the State’s intent to introduce the razor blade nor an opportunity to examine it. Defendant avers the State had a duty to inform him of the whereabouts of the razor blade and its intention to introduce it at trial.
We find no merit to this argument. The weapon was locked in a safe in a security trailer at Angola and defendant’s inspection of the blade could have been easily arranged and was not prevented by the State. When no attempt is made to inspect evidence pursuant to a motion for discovery and inspection, a contention that the verdict should be overturned because of noncompliance with the rules of discovery is without merit.
ASSIGNMENT OF ERROR NUMBER TWO
In this assignment of error, defendant argues the court erred in denying the jury the opportunity to hear certain testimony which was admissible under the res gestae exception to the hearsay rule.
In an attempt to support his self-defense claim, defendant tried to prove the victim made verbal threats against him approximately two hours before the attack. Defendant attempted to show the victim’s threats through the testimony of an inmate. The inmate testified, out of the presence of the jury, the victim made verbal threats to defendant when defendant first came onto the tier and again after defendant was placed into his cell. Defendant alleges these threats were admissible under the res gestae exception to the hearsay rule.
*50 La.R.S. 15:447 defines res gestae as follows:
“Res gestae are events speaking for themselves under the immediate pressure of the occurrence, through the instructive, impulsive and spontaneous words and acts of the participants, and not the words of the participants when narrating the events. What forms any part of the res gestae is always admissible in evidence.”
La.R.S. 15:448 provides:
“To constitute res gestae the circumstances and declarations must be necessary incidents of the criminal act, or immediate concomitants of it, or form in conjunction with it one continuous transaction.”
The attack occurred approximately two hours after the victim made the alleged threats. Although time lapses are not the sole consideration in determining whether or not a declaration constitutes res gestae, verbal threats from one inmate to another, within approximately two hours of an attack upon the threatening prisoner, do not form one continuous transaction and therefore do not constitute res gestae within the meaning of La.R.S. 15:448. See, State v. Billiot, 421 So.2d 864 (La.1982), rehearing denied 1982. Accordingly, the trial court was correct in ruling the threats made by the victim while he was still in his cell were not admissible under the res gestae exception to the hearsay rule.
ASSIGNMENT OF ERROR NUMBER THREE
In this assignment of error defendant contends the trial court erred in ruling defendant had failed to show an overt act or hostile demonstration by the victim. Because of this ruling the testimony as to the dangerous character of the victim and his threats against defendant could not be presented to the jury.
La.R.S. 15:482 provides:
“In the absence of evidence of hostile demonstration or of overt act on the part of the person slain or injured, evidence of his dangerous character or of his threats against accused is not admissible.”
The evidence proffered to show the victim’s overt act or hostile demonstration consisted of testimony of several inmates who stated the victim threatened defendant before the victim was let out of his cell to go to the shower. The prisoners also testified the victim initially walked in front of defendant’s cell, threatened to return, walked past the cell, then turned around and walked back to defendant’s cell where the victim was slashed with a razor blade. Defendant contends these actions along with the prior threats constitute an overt act or hostile demonstration by the victim. We disagree.
Prison guards testified the victim walked in a continuous line down the tier and did not turn back toward defendant’s cell. Even accepting defendant’s witnesses’ testimony as credible there has been no showing of an overt act or hostile demonstration on the part of the victim. The jurisprudence has defined an overt act as any act of the victim which manifests in the mind of a reasonable person a present intent to kill or inflict great bodily harm. State v. King, 347 So.2d 1108 (La.1977); State v. Cavalier, 421 So.2d 892 (La.1982). The evidence here does not reflect any overt act which would manifest a present' intent to kill or inflict great bodily harm. Under the literal language of La.R.S. 15:482, the defendant must present evidence of a hostile demonstration or of an overt act by the victim before evidence of dangerous character or threats can be admitted. Therefore the trial court was correct in concluding the proper predicate for the introduction of the victim’s threats and dangerous character had not been laid.
For the foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED.