Over a year after the death of Ms. Sue Cheatham, Robert McCulley, as executor of her estate, filed this action against South-Trust Bank of Baldwin County ("the Bank"), alleging breach of contract, conversion, and suppression of material facts. The Bank filed a motion for summary judgment, alleging that "there are no genuine issues of material fact and judgment is due to be entered as a matter of law." Attached to the motion was a certified copy of Ms. Cheatham's death certificate, which showed that she died on February 7, 1986. All pleadings in the court file were offered *Page 1107 
in support of the Bank's motion. The trial court entered the following order on this motion: "Defendant's motion for summary judgment . . . is hereby granted. Plaintiff is taxed with the costs."
The pleadings show that this action was not filed until March 4, 1987, over one year after the death of Ms. Cheatham.
Ala. Code 1975, § 6-5-462, provides, in pertinent part:
 "In all proceedings not of an equitable nature, all claims upon which an action has been filed and all claims upon which no action has been filed on a contract, express or implied, and all personal claims upon which an action has been filed, except injury to the reputation, survive in favor of . . . personal representatives. . . . "
A claim sounding in tort, as do the executor's claims for conversion and suppression of material facts, does not survive the death of the allegedly injured party in favor of her personal representatives. Davis v. Southern United LifeInsurance Co., 447 So.2d 48 (Ala. 1986); Lemmond v. Sewell,473 So.2d 1047 (Ala. 1985); Gillilan v. Federated Guaranty Life Ins.Co., 447 So.2d 668 (Ala. 1984); Bates v. L N Employees CreditUnion, 374 So.2d 323 (Ala. 1979). There was no error in the trial court's entering summary judgment on the tort claims alleging conversion and suppression of a material fact.
A breach of contract claim upon which no action has been filed at the time of the death of the person holding that claim survives in favor of the deceased party's personal representative. The contract that the Bank is alleged to have breached was the contract relating to Ms. Cheatham's account at the bank. It is alleged, and evidence was introduced in opposition to the motion for summary judgment to show, that the Bank debited Ms. Cheatham's account for a $15,000 check drawn by Ms. Cheatham's husband, who was not a signatory on Ms. Cheatham's account. The Bank introduced the signature card that Ms. Cheatham signed when she opened the account at the Bank. When Ms. Cheatham signed this account card, she entered into a binding contract with the Bank. Parr v. Godwin, 463 So.2d 129
(Ala. 1984). The signature card expressly incorporated the terms of the Bank's rules and regulations into the contract. BenCheeseman Realty Co. v. Thompson, 216 Ala. 9, 112 So. 151
(1927). The Bank presented evidence that it delivered a copy of these rules and regulations to Ms. Cheatham. The rules and regulations provided that Ms. Cheatham "agreed to examine each statement of account . . . and to notify [the Bank] of any error contained in the statement . . . within 10 calendar days after the closing date of the statement," and that "[e]ach statement of account [would] be conclusively deemed to be correct after such 10-day period." The rules and regulations further provided:
 "[The Bank is] authorized to pay or withdraw funds from the account on the order of the person or persons whose names are recorded on the signature card . . . for that purpose. [The Bank is] authorized to honor orders to pay or withdraw funds received by us from any such person in writing, orally, or by electronic means."
The Bank, in support of its motion for summary judgment, introduced a monthly statement of Ms. Cheatham's account covering the period from May 29, 1985, to June 27, 1985, which was sent to Ms. Cheatham no later than the beginning of July 1985. The statement showed that $15,000 was charged against Ms. Cheatham's account on June 12, 1985, the day after a deposit of $11,997.38 was made in the account. The statement showed an opening balance of $4,423.73 as of May 29, 1985, and a closing balance of $970.54 on June 27, 1985. The Dead Man's Statute limits the testimony that can be considered on this motion for summary judgment. Without questioning the Bank regarding the $15,000 debit, Ms. Cheatham closed her account at the Bank on September 11, 1985, three months after the $15,000 debit and two months after Ms. Cheatham should have notified the Bank that the $15,000 debit was an error. Ms. Cheatham's husband died in December 1985. Ms. Cheatham did not notify the Bankof any error *Page 1108 in her account prior to her death on February 7, 1986, approximately seven months after Ms. Cheatham should have notified the Bank if the $15,000 debit was an error.
In his complaint, the executor of Ms. Cheatham's estate did not seek reformation of the contract on the ground that it was "unconscionable" and, therefore, unenforceable under the laws of the State of Alabama. Although he argues unconscionability in his brief filed in this Court, that issue is not before us. The contract that the Bank is accused in Count I of breaching required Ms. Cheatham to notify the Bank of any error contained in the statement of account sent to her within 10 calendar days after the closing date of the statement. She did not do so in regard to the $15,000 debit. Therefore, in accordance with the contract, the statement of account was "conclusively deemed to be correct after [the] 10-day period."
The Bank made a prima facie showing that it did not breach its contract with Ms. Cheatham. The executor did not submit any admissible evidence to create a genuine issue of material fact as to whether the Bank breached its contract with Ms. Cheatham. The trial court did not err in entering summary judgment on the breach of contract claim.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.