STEAGALL, Justice.
The plaintiffs, Julian Wayne McDaniel and Larry Ponzelle McDaniel, appeal from judgments entered in a declaratory judgment action arising out of a dispute over the ownership of several certificates of deposit.
Jesse W. McDaniel died on July 25, 1988. He left a will devising his entire estate in equal shares to his five children: Beverly Jean McDaniel Laminack, Kenneth Royce McDaniel, Julian Wayne McDaniel, Larry Ponzelle McDaniel, and Alonze Maurice McDaniel. He named Beverly Jean McDaniel Laminack as executrix of his estate. Jesse McDaniel had purchased several certificates of deposit from the Bank of Tallassee, Altus Bank, and Peoples Bank of Tallassee (formerly known as Peoples Bank of Carrville). After Jesse McDaniel’s will was admitted to probate, Julian Wayne McDaniel and Larry Ponzelle McDaniel sued Beverly Jean McDaniel Laminack and Kenneth Royce McDaniel, seeking a judgment declaring the ownership of the certificates. Alonze Maurice McDaniel and Beverly Jean McDaniel Laminack, as executrix of the estate, were added as defendants.
The trial court entered a summary judgment in favor of the defendants as to the certificates purchased at Peoples Bank of Tallassee, holding that the survivorship clause on those certificates is not ambiguous and declaring, therefore, that Beverly and Kenneth each own a one-half share of the certificates from that bank. After a bench trial, the court entered a judgment declaring that the certificates purchased at Altus Bank are owned by Beverly and Kenneth, with each owning a one-half interest with a right of survivorship. The court declared that one of the certificates purchased at Bank of Tallassee is owned by the estate of Jesse McDaniel, that some of the certificates are owned by Beverly, and that some are owned by Beverly and Kenneth, each having a one-half undivided interest with the right of survivorship. From these rulings, Julian and Larry appeal.
The certificates purchased at Altus Bank are made out to Jesse McDaniel or Beverly or Kenneth. The certificates purchased at Bank of Tallassee are made out to Jesse McDaniel or Beverly or Kenneth; Jesse McDaniel or Beverly; or the estate of Jesse McDaniel. There is no survivorship clause on the face of the certificates purchased at Bank of Tallassee; however, there is a signature card, bearing the signatures of Jesse McDaniel, Beverly, and Kenneth, which contains a survivorship clause. The card references “Personal Accounts,” but does not refer to any account numbers. (There are no signature cards for each individual account at the Bank of Tallassee.)
Julian and Larry, attempting to show that Jesse McDaniel intended to divide all his funds equally among his children, offered the testimony of Hillman McDaniel, Kenneth’s wife, regarding statements allegedly made by Jesse McDaniel at the time he executed and obtained the signature card at the Bank of Tallassee. The trial court determined that the testimony is barred by Ala Code 1975, § 12-21-163, the Dead Man’s Statute, and refused to allow it. Julian and Larry contend that the trial court erred in relying on “a master account card” at Altus Bank and the signature card at Bank of Tallassee to establish Jesse McDaniel’s intent to create a survivorship interest between Jesse McDaniel, Beverly, and Kenneth. Julian and Larry also contend that the trial court erred in excluding Hillman’s testimony regarding Jesse McDaniel’s intent.
Where the instrument itself does not reflect on its face a survivorship provision or election, this Court has consistently relied on signature cards in order to determine the intent of the parties. McCulley v. SouthTrust Bank of Baldwin County, 575 So.2d 1106 (Ala.1991); Parr v. Godwin, 463 So.2d 129 (Ala.1984). Because the certificates purchased at Altus Bank are made out to Jesse McDaniel or Beverly or Kenneth, we hold that the trial court did not err in determining that those certificates are owned by Beverly and Kenneth with right of survivorship. With regard to the certificates purchased at Bank of Tallassee, we find no error in the trial court’s use of the signature card to determine Jesse *1012 McDaniel’s donative intent. See McCulley, supra. However, we hold that the trial court should not have excluded Hillman’s testimony as to Jesse McDaniel’s intent regarding the certificates purchased at Bank of Tallassee.
Code of Ala.1975, § 12-21-163, states, in pertinent part:
“In civil actions and proceedings, there must be no exclusion of any witness because he is a party or interested in the issue tried, except that no person having a pecuniary interest in the result of the action or proceeding shall be allowed to testify against the party to whom his interest is opposed ... unless called to testify thereto by the party to whom such interest is opposed or unless the testimony of such deceased person in relation to such transaction or statement is introduced in evidence by the party whose interest is opposed to that of the witness or has been and is on file in the case.”
The Dead Man’s Statute prohibits a witness from testifying when (1) the testimony concerns a transaction with or statement by a person now deceased; (2) the outcome of the suit will affect the decedent’s estate; (3) the witness has a pecuniary interest in the suit; and (4) the witness’s interest is adverse to the decedent or his estate. Edwards v. Vanzant, 492 So.2d 990 (Ala.1986). Because Hillman’s testimony is not based on a pecuniary interest, it should have been allowed.
Julian and Larry do not raise any issue with regard to the certificates purchased at Peoples Bank of Tallassee; therefore, we need not address the propriety of the judgment as to those certificates.
We affirm the judgment as to the certificates purchased at Peoples Bank of Tallas-see and at Altus Bank. We reverse the judgment as to the certificates purchased at Bank of Tallassee and remand this cause to the trial court with instructions to consider the testimony of Hillman McDaniel regarding Jesse McDaniel’s intent.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ADAMS and KENNEDY, JJ., concur.
ALMON and INGRAM, JJ., concur in the result.