RICHARD L. HOLMES, Retired Appellate Judge.
Dorothy L. Campbell and Juanita L. Hatfield (hereinafter referred to collectively as plaintiffs) appeal from separate summary judgments entered in favor of Colonial Bank, a banking corporation, John R. Allen, Jr., and Mary Jean Allen.
Our review of the record reveals the following pertinent facts: On October 24, 1990, Margherita Lewis Johansen revised two existing bank accounts that she owned at Colonial Bank. She added the names of John R. Allen, Jr., her brother-in-law, and Mary Jean Allen, her niece, to the two accounts. The signature of Johansen, along with the signatures of both John R. Allen, Jr., and Mary Jean Allen, appeared on the face of each signature card. The face of each signature card designated the accounts as joint with survivorship.
Johansen died on March 11, 1994. After her death, John R. Allen, Jr., withdrew all the funds from the two bank accounts at Colonial Bank. The combined balance of both accounts totaled $66,687.12.
On March 28, 1995, the plaintiffs, acting individually and as co-executrices of the estate of Johansen, sued Colonial Bank, John R. Allen, Jr., and Mary Jean Allen, seeking to recover the $66,687.12.
The trial court entered a summary judgment in favor of Colonial Bank on August 8, 1995, pursuant to Rule 54(b), Ala.R.Civ.P. The trial court entered a separate summary judgment in favor of both John R. Allen, Jr., and Mary Jean Allen on October 3,1995. In each instance the trial court specifically found that the signature cards were unambiguous and complete on their face. The trial court based its finding on the fact that the face of each signature card expressly indicated that the accounts were created as joint with survivorship.
This appeal followed and is before this court pursuant to § 12-2-7(6), Ala.Code 1975. The two cases have been consolidated on appeal.
On appeal the plaintiffs contend that the trial court improperly granted the summary judgment motions in favor of Colonial Bank, John R. Allen, Jr., and Mary Jean Allen. Specifically, the plaintiffs allege that the accounts were not properly established as joint with survivorship, pursuant to § 35 — 4—T, Ala. Code 1975. The plaintiffs further contend that Colonial Bank allowed the wrongful withdrawals and is, therefore, not provided the protection otherwise afforded them, pursuant to § 5-5A-41, Ala.Code 1975.
Rule 56(c), Ala.R.Civ.P., provides that a summary judgment is appropriate in situations where no genuine issue of any material fact exists and the movant is entitled to a judgment as a matter of law. It is well settled that the moving party has the burden of establishing that no genuine issue of a material fact exists and that all reasonable uncertainties regarding the existence of a genuine issue of a material fact must be resolved against the moving party. Porter v. Fisher, 636 So.2d 682 (Ala.Civ.App.1994).
Once the movant makes a prima facie case, showing that no genuine issue of a *191 material fact exists, then the burden shifts to the non-moving party to present substantial evidence regarding the existence of a genuine issue of a material fact. Porter, 636 So.2d 682.
In the present ease, Colonial Bank, John R. Allen, Jr., and Mary Jean Allen, provided the trial court with the affidavit of Rebecca Paul, the customer service manager at Colonial Bank, along with the signature cards for each account owned by the decedent at her death.
The law is well settled that bank accounts created after May 28, 1980, do not automatically confer survivorship rights to the survivors. Jones v. Jones, 423 So.2d 206 (Ala.1982). Instead, all joint accounts are presumed to be owned by the parties as tenants in common, unless the intent of the parties, as stated in the instrument creating the tenancy, clearly states otherwise. Ala. Code 1975, § 35-4-7. In other words, absent the intent of right of survivorship, the predeceasing joint tenant’s interest does not survive to the other joint tenants. Rather, the predeceasing joint tenant’s interest descends and vests as if the interest had been severed and ascertained. Marshall v. Nelson, 622 So.2d 889 (Ala.1993). Further, if an instrument is unambiguous and complete on its face regarding survivorship status, no reason exists to allow extrinsic evidence to contradict these findings, absent allegations of fraud, duress, mistake, incompetency, or undue influence. Parr v. Godwin, 463 So.2d 129 (Ala.1984).
In the case at hand, Johansen decided to convert two existing accounts at Colonial Bank into joint accounts by adding the names of John R. Allen, Jr., and Mary Jean Allen to the accounts. Both John R. Allen, Jr., and Mary Jean Allen signed the signature cards for each account. The front of each signature card reflected the offering of nine different ownership options. The designation of the specific ownership desired was accomplished by placing an “X” in the box to the left of the particular ownership desired. Here, the option of “Joint — With Survivor-ship” was checked on each signature card.
Accordingly, the signature cards are unambiguous and complete on their face. The intent of Johansen was clearly present as indicated on the face of each signature card. Further, the plaintiffs did not offer any evidence to indicate that Johansen did not intend to create joint accounts with right of survivorship. Rather, the only evidence that the plaintiffs presented was that Johansen initially established the accounts in her name and that she was the sole depositor of the funds in the accounts.
Consequently, the findings of the trial court are in accordance with § 35^4-7, Ala. Code 1975; Marshall v. Nelson, supra; Parr v. Godwin, supra; and Jones v. Jones, supra.
Last, the plaintiffs contend that the bank allowed the wrongful withdrawal and is not afforded the protection provided by § 5-5A-41, Ala.Code 1975. However, this statute exists merely to protect the banks and does not govern the ownership of funds. Parr, supra. In other words, “[t]he statute is drafted in terms which exempt [a] bank from liability for its payment of a joint account to .the survivor.” Parr, supra. As stated previously, the trial court was correct in its finding that the accounts were created as joint with survivorship, as reflected on the face of each signature card. Therefore, Colonial Bank was correct in allowing the withdrawal by John R. Allen, Jr.
In any event, the language on the face of each signature card authorized Colonial Bank to honor the instructions of any of the cosigners, regardless of the ownership status.
The language on the face of each signature card, in pertinent part, states the following: “Colonial Bank is authorized to recognize the signature(s) below ... for the purposes of this account and to honor all directions, whether oral or written, from any of the signors.” (Emphasis added.)
In light of the above, the plaintiffs failed to meet their burden of proving the existence of a genuine issue of a material fact. Consequently, the trial court properly entered the summary judgments in favor of Colonial Bank, John R. Allen, Jr., and Mary Jean Allen.
*192 The judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12 — 18—10(e), Ala.Code 1975.
AFFIRMED.
ROBERTSON, P. J., and THIGPEN, YATES, and MONROE, JJ., concur.
CRAWLEY, J., dissents.