MONROE, Judge.
Alder Pearl Brooks and her daughters, Mildred Vickers and Helen Jean Rhodes (the Brookses), sued First Federal Savings & Loan Association of Sylacauga; alleging that it had acted wrongfully in allowing Pearl’s husband, Louie Brooks, to transfer all the money from an account the two held jointly and deposit it into a separate account he held with his son. The complaint listed five counts against First Federal, including breach of contract, money had and received, fraudulent concealment, breach of fiduciary duty, and civil conspiracy.
The Brookses allege that the account Pearl and Louie had together was a trust account for the benefit of her daughters. Because Pearl and Louie were co-trustees, they say, Louie alone could not withdraw money from the account. They further claim that First Federal knew the account was a trust account with co-trustees, and, therefore, that it is liable to the Brookses for Louie’s improper withdrawals. First Federal claims that the account in dispute was not a trust account, but was merely a joint account with beneficiaries. Therefore, First Federal argues, Louie could withdraw money from the account without Pearl’s knowledge or authorization.
Since the suit was filed, Pearl has become mentally incompetent as a result of chronic brain syndrome, according to the record. Mildred Vickers and Helen Jean Rhodes were added to the complaint as Pearl’s next friends. They also remained in the action individually. The case was tried before a jury, which returned a verdict in favor of First Federal. From the judgment based on that verdict, the Brookses appealed to the Supreme Court, which deflected the case to this court pursuant to § 12-2-7(6), Ala.Code 1975.
The record shows that Pearl, now 89 years old, opened a savings account with First Federal in 1953, the year after she and Louie married. She added her daughters to the account later, and in February 1982, Louie’s name was added to the account. On January 3, 1992, Pearl and Louie once again had the savings account changed. The preprinted document used to establish the new account was entitled, “One Trustee Discretionary Revocable Trust Account for Two or More Beneficiaries,” and the language in the form purports to create a trust account. The trustees of the account were listed as Mr. Louie H. Brooks or Mrs. Alder Pearl Brooks. Pearl’s daughters, Helen Jean Rhodes and Mildred Vickers, were listed as the beneficiaries of the account. Language was added to the preprinted trust account form stating that the money in the trust account was “to be divided equally at death of both trustees.”
In March 1992, Louie Brooks and his son, Billy, opened an account in their names, and transferred money from Pearl and Louie’s account into this new account. The record shows that over the next six months, Louie transferred all the money from the account at issue, more than $51,000, into the new account. In September 1992, Louie made one last transfer and then closed the account at issue. Louie died on October 1, 1992. Later that month, the Brookses went to First Federal and inquired about the account at issue and were told that that account had been closed.
The Brookses contend that the trial court erred in admitting parol evidence concerning the document establishing the trust. Specifically, they argue that the trial court erred in allowing the savings and loan representative who prepared the document to testify as to the intent of the parties.
In explaining his decision to allow parol evidence, the trial court said:
“I have carefully considered the motions in limine and looked at it, and the documents do speak for themselves. However, they speak two different ways as our Court determines to be. You have a printed *1150 document that says trust all the way down through it, and then you have typed in part of the document that could say something else depending on what the jury wants to believe. And I feel like there’s an ambiguity between the printed writing and that which has been typed on by First Federal. And the Court is going to allow as an exception to the general rule that you can’t have parol evidence and [it is] going to allow parol evidence relative to that document. It’s clear to me that you don’t allow this in except in the case of ambiguity, and I just don’t believe from what I can see that the jury, if left alone, I don’t believe there’s enough evidence there for them to be able to see what the true intent of the parties [was], or actually to understand what the documents are all about. So I’m going to deny the motion in limine.”
The law concerning whether parol evidence should be admitted is well settled. If there is a written contract, the rights of the parties are controlled by that contract and parol evidence is not admissible to contradict, vary, add to, or subtract from its terms, in the absence of mistake, fraud, or ambiguity. Mobil Oil Corp. v. Schlumberger, 598 So.2d 1341 (Ala.1992), citing Clark v. Albertville Nursing Home, Inc., 545 So.2d 9 (Ala.1989).
First Federal cites Parr v. Godwin, 463 So.2d 129 (Ala.1984), in support of its contention that the document creating the account is ambiguous. In Parr, a banking account was opened in the name of “C.M. Kelly or Frances Godwin.” The signature card offered 11 types of accounts; however, none of the accounts was designated on the card. The Alabama Supreme Court held that the incompleteness of the signature card created an ambiguity that required clarification, and, therefore, that parol evidence was properly admitted. In this ease, the trial court initially found that the document did speak for itself, but added that “then you have typed in part of the document that could say something else depending on what the jury wants to believe.” The court did not explain how the added phrase made the instrument ambiguous. The trial court did say it was concerned about the “true intent of the parties” and the jury’s ability “to understand what the documents are all about.” The same could be said for any contract, regardless of how clear and specific the document is on its face. We note that of the two people opening the account, one is now dead and the other is mentally incompetent, suffering from a brain disease. Further, the person called upon to provide evidence of the “intent of the parties” is a representative of the defendant in this case.
The instrument creating the account at issue designated the type of account being established; it designated who the trustees were; it designated who the beneficiaries were; and the language the trial court was concerned with simply designated how and when the trust proceeds were to be disbursed. There is nothing incomplete or ambiguous about the contents of the document itself. The document establishes a trust account. The trial court erred to reversal in admitting parol evidence so that the jurors could understand “the true intent of the parties” or to help the jurors understand the documents. Andrews v. Troy Bank & Trust Co., 529 So.2d 987 (Ala.1988).
The judgment of the circuit court is reversed and the cause is remanded for a new trial.
REVERSED AND REMANDED.
ROBERTSON, P.J., concurs.
THIGPEN, J., concurs specially.