(112 So. 151)

## BEN CHEESEMAN REALTY CO. v. THOMPSON. (6 Div. 872.)

(Supreme Court of Alabama. March 24, 1927.)

1. **Exchange of property** ⊚⇒3(1)—**Contract, describing respective properties exchanged by street and lot number, and referring to mortgages thereon by amount, held sufficiently definite.**

Description of properties, agreed to be exchanged, as "house at 1333 Clifton Street South," subject to mortgages described by amounts, and "lot 220, Hollywood," subject to mortgage described by amount, *held* such as could be rendered certain as to parties' agreement.

2. **Exchange of property** ⊚⇒3(1)—**Contract by which parties agreed to exchange real estate held "bilateral."**

Contract by which each party agreed to convey to other certain real property *held* "bilateral" contract; promise on either hand constituting consideration for other promise.

[Ed. Note.—For other definitions, see Words and Phrases, Bilateral.]

3. **Exchange of property** ⊚⇒3(1)—**Contract of exchange to be closed within definite period, provided longer time was not required to cure title defects, held sufficiently definite as to time.**

Contract for exchange of property *held* sufficiently definite as to time, where it was provided transaction was to be closed within definite period, unless longer time was required to cure defects; each party being obliged to furnish abstract.

4. **Evidence** ⊚⇒413—**Testimony as to statements concerning details of mortgages merely referred to in contract to exchange property and as to filling in contract held not inadmissible, as varying writing.**

In action for breach of contract for exchange of real property, testimony as to what

was said between parties with regard to trading lot, filling in contract, and details of mortgages *held* not inadmissible, as varying writing, as such testimony merely explained circumstances surrounding parties; mortgages being merely incorporated by reference in contract.

**5. Contracts ⊙⇒166—Parties to contract are bound by pertinent references therein to outside facts and documents.**

In absence of fraud, parties executing contract are bound by facts or other documents referred to therein, in so far as such matters are reasonable and in contemplation of parties to contract.

**6. Courts ⊙⇒121(2)—Stipulation for $1 damages held not liquidated damages ousting circuit court's jurisdiction, where damages were easily ascertainable.**

In action for breach of contract for exchange of real property, sum of $1 named as liquidated damages would not be so considered to oust jurisdiction of circuit court, where damages were of easy ascertainment and not speculative.

**7. Vendor and purchaser ⊙⇒345—Husband may be liable for breach of contract to convey homestead, notwithstanding wife's refusal to join in conveyance.**

Refusal of wife to join in conveyance of homestead is not bar to relief against husband for breach of contract to make conveyance.

**8. Exchange of property ⊙⇒8(4)—Testimony that plaintiffs were able and willing to perform held admissible, in action for breach of contract to exchange property.**

In action for breach of contract to exchange real property, testimony that plaintiffs were ready, able, and willing to comply with every request made of them under contract *held* properly admitted.

**9. Damages ⊙⇒68—Jury could award interest from date of breach until trial for breach of contract to exchange property, where damages were easily ascertainable.**

In action for breach of contract to exchange real property, jury could award legal interest from date of breach of contract until time of trial, where damages claimed had ascertainable money value.

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Action by L. B. Thompson against the Ben Cheeseman Realty Company. From a judgment for plaintiff, defendant appeals. Transferred from the Court of Appeals under Code 1923, § 7326. Affirmed.

The contract for the breach of which this suit is brought is as follows:

"Exchange Between L. B. Thompson and Ben Cheeseman.

"Birmingham, Alabama, August 27, 1925.

"For and in consideration of $1 by each paid to the other, Ben Cheeseman and L. B. Thompson hereby agree to convey by warranty deed to the said Ben Cheeseman the following described real estate: House at 1333 Clifton Street South. This property has a first mortgage on it for $4,550 due in 1939, bearing interest at 6½ per cent. interest, payable semiannually, 'due 3—1 and 9—1. A second mortgage for $2,032, payable $60 monthly; these payments bearing interest at 7 per cent., and payable on or before. This property is valued at $8,500. And the said Ben Cheeseman hereby agrees to convey by warranty deed to the said L. B. Thompson the following described real estate: Lot 220, Hollywood, according to the survey of the Hollywood Land Company. This property has a first mortgage on it for $479.50. Valued at $2,397.50. Each parties agree to furnish *abstract* of title to their *properties*, and pay all assessments to date, insurance and taxes to be prorated. Should either title prove incurably defective, the above-mentioned moneys are to be returned to their owners. In the event either party fails to carry out and perform the terms of the agreement, he shall forfeit the above-mentioned money as liquidated damages, and the money forfeited shall be divided equally between the seller and the agent. This transaction is to be closed within 30 days after the delivery of abstract with the execution and delivery of a satisfactory warranty deed, provided a longer time is not required to cure defects in title.

"This receipt is given subject to the approval of the owner of the above-described property. Ben Cheeseman Realty Company, by Ben Cheeseman. [Seal.]

"I hereby agree to purchase the above-described property on the terms stated above.

       "Ben Cheeseman. [Seal.]

"I hereby approve this sale on the terms and conditions stated above.

       "L. B. Thompson. [Seal.]

       "Pearl M. Thompson."

Haley, Woolverton & Haley, of Birmingham, for appellant.

Parties to a contract can agree to liquidated damages for its breach, and such agreement will be enforced. Stratton v. Fike, 166 Ala. 203, 51 So. 874; McCurry v. Gibson, 108 Ala. 451, 18 So. 806, 54 Am. St. Rep. 177. A contract for the sale of land must be definite. Shannon v. Wisdom, 171 Ala. 409, 55 So. 102; Meyer Bros. v. Mitchell, 75 Ala. 475. A contract for the sale of the homestead, not signed by the wife, is void. Code 1923, § 7883; Clark v. Bird, 158 Ala. 278, 48 So. 359, 132 Am. St. Rep. 25. No interest can be recovered on unliquidated damages until they are reduced to judgment. Glidden v. Street, 68 Ala. 600; Grand Bay L. Co. v. Simpson, 207 Ala. 303, 92 So. 789. No interest can be recovered unless claimed. McWhorter v. Standifer, 2 Port. (Ala.) 519; Clark v. Watson, 195 Ala. 7, 71 So. 95. The measure of damages for breach of a contract to convey land is the difference between the value of the land at the time of breach and the contract price. 39 Cyc. 3114.

Percy, Benners & Burr, of Birmingham, for appellee.

Some contracts cannot be specifically performed; yet the parties executing them are personally liable for their breach. Clark v. Bird, 158 Ala. 278, 48 So. 359, 132 Am. St. Rep. 25; 13 R. C. L. 639; Cofield v. McGraw, 16 Ala. App. 369, 77 So. 981; 27 R. C. L. 321. Whenever one party has a legal right to recover of another a debt or damages as due at a particular time, he is entitled to interest as an incident from the maturity of the demand until the trial; and it is not necessary to specifically claim interest. A. & B. R. Co. v. Brown, 158 Ala. 607, 48 So. 73. Where it appears that the amounts fixed were evidently not intended as full compensation for a breach of contract, or would be grossly inadequate as such, same will be considered as a penalty and not liquidated damages. 17 C. J. 945; Watt's Ex'rs v. Sheppard, 2 Ala. 425.

THOMAS, J. This suit is for recovery of damages for breach of written contract for sale or exchange of real property. The questions of specific performance of written contract of sale of real property and sufficiency of description employed were considered in Sadler v. Radcliff (Ala. Sup.) 111 So. 231, 233,[1] or when the same may be rendered certain within the rules obtaining in this jurisdiction were considered in the cases of Lodge v. Wilkerson, 165 Ala. 302, 51 So. 609; Sadler v. Radcliff, 215 Ala. 499, 111 So. 231; East v. Karter, 215 Ala. 375, 110 So. 610.

[1] The contract was between parties understanding and accustomed to the terms employed in their writing, dated at Birmingham, Ala., describing the property of Thompson's as "House at 1333 Clifton Street South," that was subject to first and second mortgages specifically indicated or described by reference, and the property of Cheeseman described as lot 220, Hollywood, according to the survey of Hollywood Land Company, and subject to the first mortgage of $479.50 thereon. These descriptions were such as may be rendered certain as to what each party to the contract agreed to convey by warranty deed to the other.

[2, 3] This case was within the rule of Scott v. Moragues Lumber Co., 202 Ala. 312, 80 So. 394, where it was declared that an offer to charter to plaintiff a vessel for which the other party was negotiating for the purchase was converted into a binding contract by acceptance to be performed within a reasonable time; the promise on either hand constituting the consideration of the promise on the other. The contract here declared upon was not unilateral. Vinson v. Little Bear Saw Mills, 113 So. 385.[2] It is not unusual for a person to contract to convey certain properties by a certain or reasonable time, though he has no absolute or legal title to the lands at the time of making the contract to reconvey. 27 R. C. L. p. 321, § 16; McIntyre v. Jackson Lumber Co., 165 Ala. 268, 51 So. 767, 138 Am. St. Rep. 66; Scott v. Moragues Lbr. Co., 202 Ala. 312, 80 So. 394. The time is sufficiently definite and to be closed within 30 days after delivery of the abstract, provided a longer time is not required to cure defects in the title; and it is stipulated that "each party agrees to furnish abstract of title to their properties, * * * and should either prove incurably defective, the above-mentioned moneys are to be returned to their owners." The usual stipulations as to abstracts of title and the duty to furnish the same were discussed in Baker v. Howison, 213 Ala. 41, 104 So. 239.

The evidence shows that Mr. Thompson, and wife, while in the Hollywood subdivision, were approached by an agent employed by the appellant, seeking to sell them a lot in said subdivision. This agent was told that appellee would not trade for the lot until he could dispose of his own property. Thereupon the agent communicated with appellant Cheeseman, had him to come out to the subdivision and confer with the appellee and wife, and the appellant told them that he would sell their property or take it over himself, and thereafter appellant instructed his agent to tell Mr. Nelson that lot 220, the lot in question, was sold. Nelson, prior thereto, had shown the lot to third parties in the effort to sell the same. As stated, the evidence showed that the appellant was a real estate man actively engaged in the real estate business and was one of the promoters of the Hollywood property in which subdivision was lot 220.

The evidence on behalf of the appellee was that the latter informed the appellant of the mortgages on his property and gave him certain details of the mortgages thereof, including those shown in the contract of sale, and also stated that said mortgage was reducible half-yearly. The appellant claimed that he filled in the contract according to the information given him by the appellee. The contract was prepared by the appellant, who, as we have stated, was familiar with the real estate business. Appellant testified that he knew where appellee's property was located and that he had no trouble in locating the lot on the record. The contract of sale described the property by a house number of a certain street. The property was shown to be in Birmingham, and it was further identified as having two mortgages on it. After the contract of sale was entered into, Thompson made preparations to close the trade, sent to New York for his abstract, and his title was favorably approved by appellant's attorney, and he and wife rented a house in Norwood: moved thereto their telephone and some of their furniture.

The evidence further shows that appellant

---

[1] 215 Ala. 499.

[2] Post, p. 441.

delayed the time for closing, and, after assuring the appellee and his wife on several occasions that the contract would be consummated; finally told the appellee in the presence of his wife and Mr. Turner that he would not carry out the contract. Turner as a witness corroborates the appellee.

After the trade and contract, the lot in Hollywood together with other lots in this subdivision, substantially increased in value —to the extent of some 20 per cent. There was a verdict returned by the jury in favor of Thompson against the appellant for approximately the amount of this increase, together with interest thereon from date of the breach until the time of trial.

[4] It is apparent from the authorities that oral evidence was not admitted to vary the writing evidencing the agreement of the parties. The testimony merely explained the circumstances surrounding the parties at the time they entered into the contract. It was not the intent of the parties that all the terms of the mortgages be actually included in the contract of sale and was sufficiently identified by reference to identify the same.

[5] It is admitted by both sides that no question of fraud is presented. And in its absence where contracts contain extraneous references of fact and to other documents, the same enters therein to the extent that it is pertinent, and the parties are bound thereby. And he who omits to inform himself as to such fact or contents and extent of such other writing referred to, in so far as it is reasonable and in contemplation of parties to contract, is bound thereby. Bates v. Harte, 124 Ala. 427, 26 So. 898, 82 Am. St. Rep. 186; 70 L. R. A. p. 106, note; 6 R. C. L. § 43, p. 628.

[6] In the instant case the damages are of easy ascertainment and not speculative. The $1 named as a valuable consideration will not, under the evidence, to oust the jurisdiction of the circuit court, be considered as liquidated damages.

[7] In Clark v. Bird, 158 Ala. 278, 48 So. 359, 132 Am. St. Rep. 25, dealing with executory contract to convey homestead, the Chief Justice said:

"While we hold that the bond of John A. Clark is void as an obligation to convey the homestead, we do not wish to intimate that he would not be personally liable for a breach of same."

And there is analogy in Cox v. Holcomb, 87 Ala. 589, 6 So. 309, 13 Am. St. Rep. 79, and

in Sadler v. Radcliff (Ala. Sup.) 111 So. 231.[1] There specific performances were compelled of the husband and payment of amount reserved by purchases against inchoate dower interest of the wife should be secured by decretal order making it lien on land, or by a mortgage. See, also, Mathews v. Carroll Merc. Co., 195 Ala. 501, 70 So. 143; Town of Clio v. Lee, 199 Ala. 145, 74 So. 243.

The rule of Clark v. Bird, supra, was approved as to the liability of the husband in 13 R. C. L. § 99, p. 639; Brewer v. Wall, 23 Tex. 585, 76 Am. Dec. 77. And in Irvin v. Irvin, 207 Ala. 493, 93 So. 517, it is declared that the refusal of the wife to join in the conveyance of homestead is not bar to relief against the husband at proper suit by other party. Chavers v. Mayo, 202 Ala. 128, 79 So. 594; Williams v. Kilpatrick, 195 Ala. 563, 70 So. 742.

[8] And in Cofield v. McCraw & Garner, 16 Ala. App. 369, 77 So. 981, it is held that the mere fact that the principal, employing broker to sell land, could not sell without the voluntary assent of the wife, does not avoid the obligation to pay the broker on his due performance of contract of sale. There was no reversible error in the admission of the evidence that the Thompsons were ready, able, and willing to comply with every request of them under the contract. It is not claimed that Mrs. Thompson's answer, as a witness, to like effect, was prejudicial to the defendant, and her husband had already answered such ability, willingness and readiness of the Thompsons to convey as per the contract terms.

[9] Insistence of error is in the instruction to the jury that it could award legal interest from the date of the breach of the contract to the time of the trial. This was in accord with the announcements contained in Atlantic & B. Ry. Co. v. Brown, 158 Ala. 607, 48 So. 73; Fuller v. Fair, 202 Ala. 430, 80 So. 814. In this case interest was allowed as an incident to the damages claimed having an ascertainable money value (Grand Bay Land Co. v. Simpson, 207 Ala. 303, 92 So. 789) for the breach of contract occurring at fixed or definite date before the institution of the suit (Stoudenmeier v. Williamson, 29 Ala. 558, 569).

The judgment is affirmed.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.

[1] 215 Ala. 499.