This case involves the negligent painting of a GMC van.
The plaintiff, Mr. Chamberlain, sued Mr. Kim and Mr. Caire in the district court and recovered separate judgments against them. Only Kim (the defendant) appealed to the circuit court, where an ore tenus nonjury trial was conducted before that court, which resulted in a final judgment against the defendant and in favor of the plaintiff for $2,300. The trial court expressly found that Caire, the defendant, and one of the defendant's sons were joint venturers with regard to the painting of the plaintiffs van. The defendant appealed and argues that the evidence did not support that finding. Our summary of the facts will be largely limited to that finding concerning the joint venture.
The plaintiff testified that he made arrangements to have his van painted at KARS, Inc., and, in doing so, he talked jointly with Caire and the defendant's son. *Page 1214 
Caire was the general manager of the body shop. The plaintiff requested a price estimate from them, and they inspected the van, informed the plaintiff that they would paint it for $536, and Caire signed an estimate to that effect from "Auto Body Shop" with the approval of the defendant's son. The work was never done in a workmanlike manner, and the van was damaged.
The plaintiff further testified that, as far as he knew, the defendant, the defendant's son, and Caire all ran the business in the same building. Caire told the plaintiff that he worked for them as the general manager of KARS, that all work that he did was shared 50-50 with them, that Caire and the defendant were in business together and shared equally in the profits, and that Caire had to obtain the approval for work on each vehicle and its price from the Kims.
The plaintiff paid a total of about $717 for work on the van. The plaintiff was in the pawn business, and he credited Caire for $217 for two pawns which Caire had made at his pawn shop. The plaintiff further gave his check for $500 to Caire. Caire requested that he make the check payable to the defendant, but since the plaintiff was not familiar with the spelling of the defendant's name, the name of the payee was left blank upon the check.
The defendant's son testified in substance that the body shop building was owned by the defendant and was rented to Caire, with Caire's rent being 50% of what he earned. Another of the defendant's buildings, which was situated upon the same lot as the body shop building, was used by the Kims in the business known as KARS. He admitted that he and Caire inspected the plaintiff's van and that he approved the price to be charged for its painting. The witness talked to the plaintiff many times and, on one occasion, assured the plaintiff that he would immediately check out a complaint which the plaintiff voiced to him. When Caire received the $500 check, Caire gave the check to the defendant. The payee's name which was inserted upon the face of the check was the defendant's name, and the defendant's son testified that the signature which appears as an endorsement upon the back of the check was the defendant's signature.
Caire swore that he did not place the defendant's name upon the face of the check. He further testified that, when he painted a vehicle, he had to give 50% of the money to the Kims. His arrangement with the defendant's son was that he would start a business in a separate building behind KARS, that the 50% would go to the defendant's son for rent, utilities, and the cost of materials, and that both the defendant and the defendant's son shared to some extent in the moneys which he gave to them. Caire said that he had a separate city license for the paint shop and that he had no interest in KARS.
The law governing the issue before us was recently summarized by our Supreme Court as follows:
 "The burden of establishing the existence of a joint venture is upon the party asserting that the relation exists. 46 Am.Jur.2d, Joint Ventures, § 69 (1969). The elements of a joint venture have been held to be: a contribution by the parties of money, property, effort, knowledge, skill, or other assets to a common undertaking; a joint property interest in the subject matter of the venture and a right to mutual control or management of the enterprise; expectation of profits; a right to participate in the profits; and usually, a limitation of the objective to a single undertaking or ad hoc enterprise. While every element is not necessarily present in every case, it is generally agreed that in order to constitute a joint venture, there must be a community of interest and a right to joint control. 46 Am.Jur.2d Joint Ventures, § 12 (1969). Thus, in order to avoid a directed verdict on this issue, Moore must show evidence supporting the existence of these two elements."
Moore v. Merchants Planters Bank, 434 So.2d 751, 753 (Ala. 1983).
Here, the burden was upon the plaintiff to present some evidence which supported the existence of a community of interest and a right to joint control. *Page 1215 
Through his son, the defendant inspected the plaintiff's van and concurred in the price to be charged for painting it. The defendant accepted the plaintiff's $500 check, apparently inserted his name as the payee thereof, and endorsed the check. Evidently, Caire and the defendant shared in the proceeds from the check, for they were to equally divide painting receipts. Joint control was exercised by Caire and by the defendant, who acted through his son. They had a community of interest. Under aspects of the evidence, both of the necessary elements were present.
Stated differently, there was evidence before the trial court which supported its finding. Therefore, that finding must be presumed to be correct under the ore tenus rule and will not be disturbed unless it was palpably wrong. Nelson v. Vick,462 So.2d 935 (Ala.Civ.App. 1984). The judgment of the trial court was not palpably wrong, and it is affirmed.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.