The Alabama Highway Department and its director appeal from a judgment declaring that a billboard belonging to the plaintiff, Stuckey's/DQ of Grand Bay, Inc. ("Stuckey's"), does not violate the provisions of the Highway Beautification Act — Outdoor Advertising, Alabama Code 1975, §§ 23-1-270 through -288.[1] We affirm.
In 1965, Congress enacted the Federal Highway Beautification Act, 23 U.S.C. § 131, requiring states to either enact laws regulating highway advertising or face reduction of federal highway funding. Federal regulations under the Act permitted maintenance and continuance or "grandfathering" of "nonconforming signs," i.e., signs lawfully erected and in existence on the effective date of state laws regulating highway advertising, but not conforming to the requirements of such laws. 23 C.F.R. § 750.707. Nonconforming signs "must remain substantially the same as . . . on the effective date of the State law or regulations," provided, however, that "Reasonable repair and maintenance . . . is not a change which would terminate nonconforming rights."23 C.F.R. § 750.707(d)(5). The regulations further provide that nonconforming signs may continue as long as they are not destroyed or abandoned, but permit states to make exception "for signs destroyed due to vandalism and other criminal and tortious acts." (Id.)
In 1971, in response to the federal act, the Alabama Legislature enacted the Highway Beautification Act — Outdoor Advertising, Alabama Code 1975, §§ 23-1-270 through -288, prohibiting the erection of signs not meeting the location, size, lighting, and spacing requirements of the Act. Signs erected in violation of the Act may be removed by the Highway Department upon 30 days' notice to the owner. Alabama Code, §23-1-278(a). The Act gives the director of the Highway Department authority "to adopt such rules and regulations as are necessary and appropriate to carry out the provisions" of the Act. Alabama Code 1975, § 23-1-286.
In 1974, the Highway Department adopted its "Rules and Regulations No. 1," subsequently incorporated by reference as Highway Department Administrative Code § 450-3-1-.06(a). The regulation concerns maintenance of nonconforming signs and provides in pertinent part as follows:
 "If for any reason the sign including structure, message, supports, and stringers is damaged to the extent of 50% or more as determined by visual appearance, then any repair or replacement of any part of the sign including message, supports and stringers will be considered the erection of a new sign and consequently prohibited."
Stuckey's is an Alabama corporation doing business at the Grand Bay exit off Interstate Highway 10 in Mobile County, Alabama. Stuckey's opened for business in 1968 and erected an advertising billboard adjacent to I-10 and near the Grand Bay exit, facing eastbound traffic that might use that exit. It is undisputed that the billboard was in existence on the effective date of the state Act, that it did not conform to the requirements of the Act, and that, as an existing, nonconforming sign, it was permitted to remain for its normal life, subject to customary repair and maintenance.
In March 1991, Stuckey's hired two contractors to strip, prime, and paint the face of the billboard. After the old paint had been stripped, the billboard primed, and some fresh paint applied, vandals, using a chain saw, cut all six poles that supported the sign. The billboard itself sustained little or no damage; only the poles were damaged. Stuckey's reerected the sign on new poles at the same location. *Page 335 
In April 1991, Stuckey's received a letter from the Highway Department advising that it considered the billboard to have been erected in violation of its Regulation No. 1, prohibiting repair of nonconforming signs "damaged to the extent of 50% or more as determined by visual inspection," and instructing Stuckey's to remove the billboard or face its removal by the Highway Department.
Stuckey's filed a complaint for a temporary restraining order and a preliminary injunction against the removal of the sign and a declaratory judgment action pursuant to Alabama Code 1975, § 23-1-278(b), against the defendants: the Alabama Highway Department, Perry A. Hand, and M.L. Risher,[2] seeking a declaration that the Stuckey's billboard did not violate the Highway Department's Regulation No. 1. The trial court entered a temporary restraining order, and the defendants consented to the entry of a preliminary injunction.
The defendants filed an answer to the complaint for the declaratory judgment, and they counterclaimed, alleging that the Stuckey's billboard violated the Highway Beautification Act — Outdoor Advertising. The trial court entered its findings of fact, conclusions of law, and judgment on May 18, 1992, holding that the billboard did not violate the Highway Department regulation or the Act, and it entered a judgment in favor of Stuckey's and against the defendants:
"CONCLUSIONS OF LAW
 "1. Since Plaintiff's billboard was substantially less than 50% damaged, Highway Department Rule and Regulation No. 1 is inapplicable and does not require removal of the billboard or render it illegal.
 "2. The facts and circumstances of this case would not justify removal of Plaintiff's billboard even had it been more than 50% damaged. The billboard was vandalized, damaged by the criminal or tortious acts of others. The billboard was structurally sound, and absent such vandalism would have stood for years to come. Plaintiff merely reerected the same sign, on new poles, at the same location. Requiring removal under such circumstances would achieve the apparent goal of the vandals while punishing Plaintiff when it was not at fault. Such would be unjust and inequitable and not within the spirit of the law.
 "3. Plaintiff did not erect a new sign in violation of the Outdoor Advertising Act.
 "4. Plaintiff's repair and reerection of its advertising billboard did not violate the Outdoor Advertising Act.
 "5. The Court finds for the Plaintiff and against the Defendants."
This case was heard by the trial court without a jury. "Under the 'ore tenus rule,' a presumption of correctness accompanies the trial court's judgment when it has made findings of fact based on disputed oral testimony without a jury, and its judgment will not be reversed unless it is shown to be plainly and palpably wrong, considering all of the evidence and all inferences that can be logically drawn from the evidence. Kingv. Travelers Ins. Co., 513 So.2d 1023 (Ala. 1987); McCrary v.Butler, 540 So.2d 736 (Ala. 1989). This presumption, coupled with the wide discretion vested in the trial judge in declaratory judgment actions, Home Ins. Co. v. Hillview 78 WestFire District, 395 So.2d 43, 45 (Ala. 1981), compels the conclusion that the trial judge properly found that the billboard was legally reerected.
The State Highway Department contends that the repair and reerection of the billboard constituted "erecting a new billboard" in violation of the Act. The trial court found that the billboard was less than 50% damaged. Because the regulation provides that repairing and reerecting a billboard damaged more than 50% constitutes "the erection of a new sign" in violation *Page 336 
of the Act, the converse necessarily follows: repairing and reerecting a billboard less than 50% damaged is not "erection of a new sign" and does not violate the Act. Ala. Code 1975, § 23-1-271(5).
The trial court's findings are fully supported by the evidence and they support the judgment. Therefore, that judgment is due to be affirmed. See Department of Transp. v.Keller Development Corp., 122 Ill. App.3d 1038, 78 Ill.Dec. 413, 462 N.E.2d 532 (1984); Gannett Outdoor of Chicago v.Baise, 163 Ill. App.3d 717, 114 Ill.Dec. 760, 516 N.E.2d 915
(1987); National Advertising Co. v. Bradshaw, 48 N.C. App. 10,268 S.E.2d 816 (1980), review denied, appeal dismissed,301 N.C. 400, 273 S.E.2d 446 (1980).
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.
[1] Ala. Acts 1971, 3d Ex.Sess., No. 276, § 1.
[2] The Alabama Highway Department is a department of the State of Alabama created by statute, Alabama Code 1975, § 23-1-20. Hand is the director of the Highway Department and Risher is a division engineer employed by the Highway Department.