ADAMS, Justice.
Michael Lynn Varden and his brothers Milton Leroy Varden and Morris Lee Var-den appeal from a summary judgment for the defendants, Terry and Patsy Fulmer.[1]
In 1979, Albert Varden died intestate, survived by his wife, Mary Edna Varden, and three minor sons, Michael, Milton, and Morris, ages 16, 15, and 12, respectively. In October 1980, Mary Edna Varden executed a warranty deed to C.O. Littleton, purporting to transfer all interests in the property. According to the briefs of the parties, Littleton paid the taxes on the property after that date, and in 1983 he executed a deed to Terry and Patsy Ful-mer. The Fulmers moved into the house on the property, made improvements, and paid the taxes on the land from 1983 until this dispute arose. In 1991, because it was noticed that they had not signed the deed to Littleton from Mary Edna, the Varden brothers were asked to execute a quitclaim deed to clear up title to the property. They refused, contending that they were the rightful owners of a portion of the property, and they filed a complaint seeking to have the circuit court partition the property. Their action was filed in 1991.
The Fulmers, answered, contending that they had acquired the entire interest by adverse possession. They claimed to have color of title to the property, to have paid taxes on it, and to have been in exclusive possession of it for the statutory period of 10 years. They further alleged that the statutory limitations period for an action to recover real estate had run. We think it clear that this action for “partition” of real estate is really an “action for the recovery of lands,” within the meaning of § 6-2-33, Ala.Code 1975, which provides:
“The following must be commenced within 10 years:
“(1) ....
(2) Actions for the recovery of lands, tenements or hereditaments, or the possession thereof....”
When the property was sold to Littleton, the Varden brothers were minors. According to § 6-2-33, the limitations period for an action to recover lands is 10 years. If a party is a minor when the statutory period expires, then the party has three years after reaching majority to file a claim. § 6-2-8, Ala.Code 1975. The age of majority is 19 years. § 26-1-1, Ala.Code 1975. In this case, Michael Varden reached majority in 1982, and was 27 when the action to “partition” was filed. Milton Varden reached majority in 1983, and was 26 when the action was filed. Morris Varden reached majority in 1986, and, therefore, was 23 when the limitations period expired in 1990. The action was filed in 1991, five years after the youngest son had reached age 19. Therefore, based on the statutes, we conclude that the action was barred.
AFFIRMED.
HORNSBY, C.J., and ALMON, SHORES and STEAGALL, JJ., concur.

. Although the trial judge treated the motion as one to dismiss the action, in effect he entered a summary judgment, because his judgment, purporting to dismiss the action, was not based solely on the pleadings. See Rule 12(b), Ala. R.Civ.P.