ROBERTSON, Presiding Judge.
The State Highway Department, its director, G.M. Roberts, and its division engineer, Joe A. Pennington (collectively, the Department), appeal from the judgment of the trial court declaring that a sign placed on the premises of the Mobile Civic Center by Spec-tacor Management Group (Spectacor) complied with The Alabama Highway Beautification Act — Outdoor Advertising, §§ 23-1-270 to -318, Ala.Code 1975.
On October 1, 1990, Spectacor contracted with the City of Mobile to manage the busi *479 ness and maintenance of the City’s Civic Center for two years. Pursuant to the contract, Spectacor’s duties included promotion and marketing of activities to be conducted at the Civic Center.
In accordance with these duties, Richard Linio, whom Spectacor made general manager of the Civic Center, sent a letter to the Department, dated January 16, 1992, proposing the placement of an electronic sign on the premises of the Civic Center to advertise upcoming events. Linio explained that the sign had already been approved by the City of Mobile. He further proposed that “[i]n order to defray the enormous cost, the marquee will display two sponsor panels, Coca-Cola and Philip Morris, which are products dispersed in the Civic Center.” However, Linio stated that the commercial advertisements would be separate from the electronic portion of the sign.
In a letter dated January 23, 1992, the Department responded to Linio’s letter, stating that “the information ... has been forwarded to our central office in Montgomery for their opinion as to whether or not it could be classified as an ‘on premise sign’ or a ‘legally permitted sign.’ ” However, eight months later, Linio had not heard from the Department, and Spectacor decided to proceed with the placement of the sign. Thereafter, Spectacor erected the sign at a cost of approximately $300,000. As Linio’s proposal indicated, the sign was placed on the Civic Center property at the location approved by the City of Mobile.
On October 9,1992, the Department sent a letter to Linio informing him that Spectacor’s sign was illegal because it could not be considered an on-premise sign under § 23-1-273(4), Ala.Code 1975, due to its “large sponsor panels.” Moreover, the Department stated that it could not issue a permit under § 23-1-273(5) because the sign’s “flashing, intermittent, or moving lights” violated the fighting criteria provided in § 23-l-274(2)a. The Department demanded that Spectacor remove the sign within 30 days.
On November 6, 1992, Spectacor filed a complaint for declaratory judgment in the Mobile County Circuit Court, seeking a determination of whether the sign in question complied with The Alabama Highway Beautification Act — Outdoor Advertising, §§ 23-1-270 to -318, Ala.Code 1975 (Highway Beautification Act). As stated more clearly in its pretrial briefs, Spectacor argued that the commercial panels did advertise activities conducted on the Civic Center premises and were therefore permissible under § 23-1-273(4). Spectacor further argued that the messages on the electronic message board were included within the “public service information” exception to the fighting criteria found in § 23-l-274(2)a.
On March 11, 1993, the trial court entered a judgment in favor of Spectacor, stating, in pertinent part:
“[T]he Court finds and concludes that [Spectacor] is the owner of the Mobile Civic Center sign located on the premises of the Civic Center at the corner of Claiborne and Canal Streets; that the Civic Center sign ... advertises] activities conducted on the property on which the sign is located within the meaning of Ala. Code § 23-1-273(4) (1975); that the electronic message portion of the Civic Center sign provides ‘public service information’ within the meaning of § 23-1-274(2); that the Civic Center sign is a sign located in a business area in compliance with the requirements of § 23-1-274, as set forth in § 23-1-273(5); and that the Civic Center sign is thus legal under both §§ 23-1-273(4) and 23-1-273(5) and complies with the Alabama Highway Beautification— Outdoor Advertising Act, Ala.Code § 23-1-270, et seq.
“It is therefore ORDERED, ADJUDGED AND DECREED that judgment be entered in favor of [Spectacor] and against [the Department]; that the Civic Center sign is legal under both Ala. Code §§ 23-1-273(4) and 23-1-273(5) and complies with the Alabama Highway Beautification — Outdoor Advertising Act, Ala. Code § 23-1-270, et seq; that [the Department is] permanently enjoined from removing the Civic Center sign; and that [the Department is] ordered to issue a permit for the Civic Center sign upon application by [Spectacor] should [Spectacor] elect to apply for a permit.”
*480 The Department appeals, raising two issues: (1) whether the trial court erred in finding that the sign is a legal on-premise sign which advertises activities conducted on the property within the meaning of § 23-1-273(4), and (2) whether the trial court erred in finding that the sign provides “public service information” within the meaning of § 23-l-274(2)a.
Our review in this matter is governed by the ore tenus rule, and a presumption of correctness accompanies the judgment of the trial court following an oral presentation of disputed testimony. State Highway Dep’t v. Morgan, 584 So.2d 499 (Ala.1991). On appeal, the trial court’s judgment will not be disturbed unless it is shown to be plainly and palpably wrong, considering all of the evidence and all inferences that can logically be drawn from the evidence. State Highway Dep’t v. Stuckey’s/DQ of Grand Bay, Inc., 613 So.2d 333 (Ala.1993). As with other declaratory judgment actions, wide discretion is vested in the trial court. Id.
The Highway Beautification Act, enacted by the Alabama Legislature in 1971 in response to the Federal Highway Beautification Act, provides that “[n]o sign shall, subject to the provisions of Section 23-1-274, be erected or maintained in an adjacent area[1] after February 10, 1972....” § 23-1-273, Ala.Code 1975. However, § 23-1-273 provides for seven exceptions. Those exceptions, inter alia, permit signs advertising activities conducted on the property on which they are located, signs in business areas which will comply with the provisions of § 23-1-274, and signs which advertise the location of any public utility for the convenience of the using public. § 23-1-273(4), (5), and (6), Ala.Code 1975.
Section 23-l-274(2)a. prohibits signs “which contain, include or are illuminated by any flashing, intermittent or moving lights, except those giving public service information such as, but not limited to, time, date, temperature, weather or news.” Although the Department does not question that providing the time and temperature on the electronic message board are acts of public service, it contends that the announcement of the activities conducted at the Civic Center cannot be considered a public service.
The Civic Center sign is V-shaped, with identical messages facing in opposite directions, for maximum visibility to traffic moving in either direction along U.S. Interstate 10. On both the east and the west sides, the sign is topped by a stationary backlit panel that reads “MOBILE CIVIC CENTER.” Below that, an electronic message board containing flashing, moving, or intermittent lights provides public reminders such as “HAPPY HOLIDAYS! BUCKLE UP MOBILE,” information such as the time and temperature, as well as information about upcoming events at the Civic Center.
It is undisputed that the Civic Center is operated by the City of Mobile for the purpose of providing “a wide mix of events and of cultural, educational, entertainment, sporting and other activities.” The record evidence clearly supports the trial court’s finding that “the Civic Center sign ... advertises] activities conducted on the property on which the sign is located” so as to comply with § 23-1-273(4).
As to the Department’s second issue, the legislature did not define “public service information,” but it did state that it was “not limited to, time, date, temperature, weather or news.” § 23-l-274(2)a., Ala.Code 1975 (emphasis added). We find the announcements informing passersby of the various cultural, educational, and recreational activities conducted on the property sufficiently consistent with general notions of public service so as to be considered public service information within the scope of § 23-1-274(2)a., Ala.Code 1975. Consequently, the trial court did not err in finding that the *481 electronic message board “provides ‘public service information’ within the meaning of § 23-1-274(2)_”
The trial court’s judgment, not being plainly or palpably wrong, is due to be affirmed. Morgan; Stuckey’s, supra.
AFFIRMED.
THIGPEN and YATES, JJ., concur.

. An "adjacent area” is defined as "[a]n area which is adjacent to and within 660 feet of the nearest edge of the right-of-way of any interstate or primary highway....” § 23-1-271(4), Ala. Code 1975.