YATES, Judge.
Glenda Kay Bishop and Yvonne South sued South Carolina Insurance Company (hereinafter “the insurer”), seeking a declaratory judgment to determine whether the insurer is obligated to defend and indemnify Ms. South in a personal injury action brought by Ms. Bishop. Following an ore tenus proceeding, the trial court declared that the insurer is obligated to defend and indemnify South in the personal injury action; the insurer appeals. This case was transferred to *986 this court by the Supreme Court, pursuant to § 12-2-7(6), Ala.Code 1975.
The ore tenus rule applies to a review of this declaratory judgment, and under that rule a presumption of correctness accompanies the judgment because it was based on an oral presentation of disputed testimony. State Highway Department v. Spectator Management Group, 636 So.2d 478 (Ala.Civ. •App.1994). “On appeal, the trial court’s judgment will not be disturbed unless it is shown to be plainly and palpably wrong, considering all of the evidence and all inferences that can logically be drawn from the evidence.” Id., at 480.
In June 1990, Sherry Rasberry d/b/a The Rasberry Patch entered into an agreement with Yvonne South d/b/a The Carousel to lease a portion of the business premises owned by South. The lease agreement read in part:
“Rent will be $200.00 per month with no set lease period. This will include all utilities except the telephone. All insurance will be your responsibility (i.e., fire coverage for inventory, liability, etc.).”
After signing the lease, Rasberry began operating her business at the premises, where South’s business was also located. The names of both businesses were printed on the same sign outside the building. South and Rasberry shared the same check-out counter and cash register, which they purchased together, and they intermingled their merchandise. Each purchase was credited to one business or the other by entering a code into the cash register. They answered the telephone by using the names of both businesses, and they advertised together. South and Rasberry would frequently alternate off days, and on one’s off days the other would operate both businesses.
The lease was prepared by South’s daughter, Jan Youngblood, who handles South’s business arrangements and the “day-to-day” operations of The Carousel. Youngblood testified that she and Rasberry agreed that in exchange for South’s providing all utilities, except for the telephone, the cost of which would be shared between them, Rasberry was to provide the insurance. Youngblood stated that Rasberry had said that she already had insurance and that she would contact her insurance agent and have it transferred to the new place of business.
Rasberry testified that she understood the agreement to be that she was providing insurance only for her business and that she, therefore, never requested that South be insured under her policy. Bobby Taylor, Ras-berry’s insurance agent, testified that Ras-berry contacted him regarding the insurance policy in place, but that she did not request an additional named insured, only an address change.
The record reveals that on several occasions Taylor came into the place of business to discuss insurance with Rasberry and that at some point before the policy was renewed in March 1991 a representative of the insurer went to the business to complete a safety report. The renewed policy was to be effective until March 1992; the injury that is the basis of the pending underlying action occurred in February 1992.
Bishop and South alleged in their complaint for declaratory relief: that “Bishop suffered an injury on said premises and claims a defect in the premises as the proximate cause of her injury”; that “[a]s a part of the rental agreement between ... South and ... Rasberry, ... Rasberry was to provide liability insurance for ... South”; and that “Rasberry, pursuant to the lease agreement, secured liability insurance with the [insurer].”
The insurance policy provides: “If you are designated in the Declarations as ... [a] partnership or joint venture, you are an insured....” South was not designated in the declarations as a named insured, nor were The Carousel and The Rasberry Patch designated as a joint venture or partnership.
“‘The elements of a joint venture have been held to be: a contribution by the parties of money, property, effort, knowledge, skill, or other assets to a common undertaking; a joint property interest in the subject matter of the venture and a right to mutual control or management of the enterprise; expectation of profits; a right to participate in the profits; and *987 usually, a limitation of the objective to a single undertaking or ad hoc enterprise. While every element is not necessarily present in every case, it is generally agreed that in order to constitute a joint venture, there must be a community of interest and a right to joint control.’ ”
Kim v. Chamberlain, 504 So.2d 1213, 1214 (Ala.Civ.App.1987) (quoting Moore v. Merchants & Planters Bank, 434 So.2d 751, 753 (Ala.1983)).
Here, the trial court found: “That [the insurer] failed to designate the entity of the ‘named insured’ in the declarations, through no fault of [the] named insured or these plaintiffs” and “That simple inquiry or inspection would have revealed that Sherry Rasberry and Yvonne South were engaged in a joint venture, if not a partnership.” We agree. Given the facts regarding the nature of South and Rasberry’s business arrangement, there clearly was a community of interest and a right to joint control sufficient to establish a joint venture. Additionally, the evidence revealed that representatives of the insurer were on the premises to complete a safety report before Rasberry’s policy was renewed and that on several occasions Taylor was on the premises to discuss insurance with Rasberry. The insurer, therefore, had knowledge, or through simple inquiry could have discovered, that South and Rasberry were engaged in a joint venture; yet, it failed to properly designate on the declarations page the entity being insured.
This court is bound by the ore tenus rule; therefore, after reviewing the record, in light of the presumption of correctness accorded the judgment, and considering all the evidence and the inferences that can be logically drawn from that evidence, we conclude that the trial court’s findings that South and Ras-berry were engaged in a joint venture and that the insurer failed to properly designate the joint venture in the declarations portion of the policy was not plainly and palpably wrong. The judgment based on those findings — that the insurer is obligated to defend and indemnify South in the civil action brought by Bishop — is affirmed.
AFFIRMED.
ROBERTSON, P.J., concurs.
MONROE, J., concurs in the result.
THIGPEN and CRAWLEY, JJ., dissent.