The plaintiffs, Glenda Kay Bishop and Yvonne South, sued for a judgment declaring that they had liability insurance coverage with the defendant, South Carolina Insurance Company, for damages claimed against South by Glenda Kay Bishop in a premises liability case. The complaint alleged that insurance coverage existed under the policy issued to South's tenant, Sherry Rasberry. The trial judge held that coverage existed under the policy, and the Court of Civil Appeals affirmed.South Carolina Ins. Co. v. Bishop, 683 So.2d 985
(Ala.Civ.App. 1995). We reverse and remand.
The facts that led to this present declaratory action are as follows: On February 1, 1992, Glenda Bishop slipped and injured her ankle on the steps of a building in Winfield, Alabama, that housed two businesses, "The Carousel" and "The Rasberry Patch." Bishop sued Yvonne South, as owner of the premises and d/b/a The Carousel, and Sherry Rasberry d/b/a The Rasberry Patch. The complaint claimed a defect in the premises as the proximate cause of Bishop's injury.[1] The trial court entered a summary judgment for both South and Rasberry. Bishop appealed the summary judgment, but only as to South. This Court, in an opinion written by Justice Almon, reversed the judgment and remanded the cause on the grounds that material issues of fact existed and that the summary judgment was therefore improper.Bishop v. South, 642 So.2d 442 (Ala. 1994).
On June 3, 1994, Bishop and South filed the present action, seeking a declaratory judgment and an order requiring South Carolina Insurance Company to defend and indemnify South, under the policy issued to Rasberry. The evidence presented at the trial of this case indicated that in June 1990, Sherry Rasberry d/b/a The Rasberry Patch had entered into an agreement with Yvonne South d/b/a The Carousel to lease from South *Page 989 
a portion of the business premises owned by South in Winfield. The agreement read:
 "The purpose of this agreement is to insure that all parties involved understand and agree to the following with changes to be made as necessary:
 "Rent will be $200.00 per month with no set lease period. This will include all utilities except the telephone. All insurance will be your responsibility (i.e. fire coverage for inventory, liability, etc.)."
Sherry Rasberry testified that she had understood that this lease agreement obligated her to provide insurance on her own business, The Rasberry Patch, and obligated South to provide insurance on South's business, The Carousel. South and her daughter, Janice Youngblood, testified that they had understood that the intent of the lease agreement was that Rasberry was obligated to provide liability insurance for both businesses. Janice Youngblood also testified that her mother had purchased an Alfa Insurance Company liability policy that had expired in January 1992, a month before the accident, and that the Alfa policy was not renewed for financial reasons. The insurance agent for South Carolina Insurance Company with whom Rasberry dealt testified that Rasberry never requested that her policy cover South's business.
The trial court held that Rasberry and South were engaged in a joint venture, if not a partnership, and that Rasberry's insurer had failed to designate the nature of the named insured in the declaration, through no fault of the named insured or these plaintiffs, and that simple inquiry or inspection would have revealed that Rasberry and South were engaged in a joint venture. The trial court held that South Carolina Insurance Company is obligated to defend South in Bishop's pending civil action and is further obligated to pay any damages that may be assessed against South, up to the policy limits and as provided by law.
South Carolina Insurance Company appealed the judgment to this Court, which transferred the appeal to the Court of Civil Appeals pursuant to § 12-2-7(6), Ala. Code 1975. In an opinion by Judge Yates (Robertson, P. J., concurring, and Monroe, J., concurring in the result), the Court of Civil Appeals affirmed. Judges Crawley and Thigpen dissented on the grounds that policies of insurance are to be construed as written and that, as the policy in this case is written, South is not a named insured. We granted certiorari review.
We must consider whether the trial court and the Court of Civil Appeals erred in holding that South Carolina Insurance Company must defend and indemnify Yvonne South under the policy issued to Sherry Rasberry.
It is settled law that if in its terms a contract is plain and free from ambiguity, then there is no room for construction and it is the duty of the court to enforce it as written. See, e.g., Utica Mutual Ins. Co. v. Tuscaloosa Motor Co., 295 Ala. 309,313, 329 So.2d 82, 85 (1976); Southern Guaranty Ins. Co.v. Wales, 283 Ala. 493, 496, 218 So.2d 822, 825 (1969);Chemstrand Corp. v. Maryland Casualty Co., 266 Ala. 626, 632,98 So.2d 1, 6 (1957); Kinnon v. Universal Underwriters Ins.Co., 418 So.2d 887, 888 (Ala. 1982). We have said:
 "This Court has previously held that trial courts are not empowered to insert ambiguities 'by strained and twisted reasoning, into contracts where no ambiguities exist.' Michigan Mutual Liability Co. v. Carroll, 271 Ala. 404, 123 So.2d 920, 924 (1960). It is not a function of the courts to make new contracts for the parties, or raise doubts where none exist. Maryland Casualty Co. v. Allstate Insurance Co., 281 Ala. 671, 207 So.2d 657
(1968)."
Commercial Union Ins. Co. v. Rose's Stores,411 So.2d 122, 124 (Ala. 1982).
There is no ambiguity in Rasberry's insurance contract. The fact that the lease could be read to raise a question as to whether Rasberry agreed to purchase insurance for both businesses, or agreed only to purchase it for her own business, does not create an ambiguity in the insurance policy that she purchased for herself and her business. There is no dispute that the only insured named in the declaration in the South Carolina Insurance Company policy was "Sherry Rasberry d/b/a/ Rasberry Patch." As Judge Crawley pointed out in his dissent *Page 990 
 "The contract of insurance lists Rasberry as the sole insured, and, accordingly, the contract of insurance is between South Carolina Insurance [Company] and Rasberry. South is not an insured under the liability policy between South Carolina Insurance and Rasberry. Alabama law provides that policies of insurance are to be construed as written. Hooper v. Allstate Insurance Co., 571 So.2d 1001 (Ala. 1990)."
683 So.2d at 987. Where no ambiguity exists, the contract will be enforced as written. Cannon v. State Farm Mut. Auto. Ins.Co., 590 So.2d 191 (Ala. 1991).
This case was heard by the trial court, without a jury. Where the trial court hears ore tenus evidence in a nonjury case, a presumption of correctness exists as to the court's findings of fact. Gaston v. Ames, 514 So.2d 877, 878 (Ala. 1987); CougarMining Co. v. Mineral Land Mining Consultants, Inc.,392 So.2d 1177 (Ala. 1981). However, when the trial court improperly applies the law to the facts, as the court did in this case, no presumption of correctness exists as to the court's judgment. Gaston supra; Smith v. Style Advertising,Inc., 470 So.2d 1194 (Ala. 1985); League v. McDonald,355 So.2d 695 (Ala. 1978).
The trial court and the Court of Civil Appeals misapplied the law in determining there was an error in the listing of the "named insured" in the declaration of the liability insurance policy, when the parties had presented no evidence indicating an ambiguity in the contract. The conclusion by both the trial court and the Court of Civil Appeals that there was a joint venture between these parties was irrelevant to the determination required in this case, because this policy specifically provides that as to a partnership or a joint venture, the partners or joint venturers are insured only if the policy designates a partnership or joint venture in the declaration.
The trial court and the Court of Civil Appeals erred in holding that South Carolina Insurance Company must defend and indemnify Yvonne South. The judgment of the Court of Civil Appeals is reversed and the cause is remanded.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, ALMON, HOUSTON, and COOK, JJ., concur.
[1] Case number CV-92-261, Circuit Court of Marion County.