This appeal addresses the enforceability of an arbitration agreement in a title insurance policy issued pursuant to a previously issued title insurance binder which does not contain any language regarding arbitration, but which does incorporate by reference the policy to be issued and, in the language of the binder, "the Conditions and Stipulations of the form of policy," and which does contain language to the effect that liability under the policy is subject to those "Conditions and Stipulations." The plaintiffs first acquired the title insurance binder from the defendants (the title insurance company and its agents), then closed their purchase of the real estate to be covered by the title insurance, then received the policy, then discovered title defects, and finally sued the defendants. The defendant agents filed a motion to compel arbitration and, after the trial court denied it, brought this appeal.
The issue is whether the plaintiffs, in agreeing to the terms of the title insurance binder, agreed to the inclusion of the arbitration agreement in the insurance policy issued pursuant to the binder.
The majority of this Court, reversing and remanding to require arbitration, cites Ben Cheeseman Realty Co. v. Thompson,216 Ala. 9, 112 So. 151 (1927), for the conclusion that the arbitration agreement itself is incorporated by reference into the title insurance binder to which the plaintiffs did agree. WhileCheeseman does hold that parties to a contract may be bound by the terms of other documents incorporated by reference into the *Page 811 
contract, Cheeseman expressly limits this holding to those terms which are "reasonable and in contemplation of [the] parties to [the] contract." Cheeseman, 216 Ala. at 12, 112 So. at 153
(emphasis added). Only those terms which are reasonable and in contemplation of the parties to a contract may be effectively incorporated therein by reference.
Thus the majority begs the question by relying on the rule ofCheeseman. The very crux of the issue to be decided is whether the arbitration agreement is reasonable and in contemplation of the parties.
On the argument of incorporation by reference, none of the cases cited by the majority is factually analogous to the case before us. Ex parte Conference America, Inc., 713 So.2d 953
(Ala. 1998), does not hold that an arbitration agreement was incorporated by reference into a contract. Rather, Ex parteConference America specifically found and held that a particular arbitration agreement was not incorporated by reference into a particular contract.
In the case before us the parties made an initial contract (the title insurance binder) which provided for their making a final contract (the title insurance policy). The parties are disputing what terms the drafter of the final contract can legitimately include in it. The plaintiffs have, by virtue of the initial contract, vested rights in the contents of the final contract.
The analogous case of Lilley v. Gonzalez, 417 So.2d 161
(Ala. 1982), is instructive. There the plaintiffs made a contract (the initial contract) to purchase real property from the defendant and to pay him, in part, by a promissory note secured by the vendor's lien in a vendor's lien deed (the final contract). Although the purchase agreement did not provide for inclusion of a "due on sale clause" in the vendor's lien deed, the defendant seller refused to close the conveyance unless the plaintiff purchasers would execute and accept a vendor's lien deed containing such a clause. The purchasers did not agree to the inclusion of the "due on sale clause" and sued for specific performance of the purchase agreement. This Court held that the plaintiff purchasers were entitled to specific performance and that the defendant seller was not entitled to the inclusion of the "due on sale clause." This Court reasoned:
 "We find no evidence supportive of [the defendant seller's] contention that, because of the familiarity of due on sale clauses in the Mobile area, buyers were laden with the burden of negating at the time the purchase agreement was negotiated any inference that such a clause would automatically become a part of any subsequent vendor's lien deed, despite its absence from the purchase agreement." Gonzalez, 417 So.2d, at 164. (Emphasis added.)
Thus this Court implicitly held that the only terms properly includable in the final contract would be those proved by evidence
to be so familiar to such contracts that the parties should expect them.
None of the statements of the facts in the briefs in this appeal cites any evidence that arbitration clauses are familiar or standard to title insurance policies. Nor can the defendants rely on Fidelity Nat'l Title Ins. Co. of Tennessee v. JerichoManagement, Inc., 722 So.2d 740 (Ala. 1998), for its finding that this provision is standard, because Jericho is not binding precedent, inasmuch as only three justices concurred, two more concurred only in the result, three dissented, and the last recused himself.
Because the defendants have presented no proof to this Court that the arbitration agreement is standard or familiar to title insurance policies, we cannot justly find or hold that the partiescontemplated it so as to effectuate or to validate its incorporation by reference into the title insurance binder under the rule of Cheeseman, supra, or that the defendant legitimately included it in the title insurance policy under the rule ofGonzalez, supra. Because the *Page 812 
arbitration agreement is not validly incorporated into the binder or legitimately included in the policy, the arbitration agreement should not be enforced, and the trial court should be affirmed in its denial of the motion to compel arbitration.