The trial court's judgment was entered after an ore tenus proceeding. Under the proper standard of review, i.e., the "ore tenus rule,"
 "'a presumption of correctness accompanies the trial court's judgment when it has made findings of fact based on disputed oral testimony without a jury, and its judgment will not be reversed unless it is shown to be plainly and palpably wrong, considering all of the evidence and all inferences that can be logically drawn from the evidence.'"
River Conservancy Co. v. Gulf States Paper Corp., 837 So.2d 801, 806
(Ala. 2002) (quoting Alabama Highway Dep't v. Stuckey's/DQ of Grand Bay,Inc., 613 So.2d 333, 335 (Ala. 1993)). Moreover, "[a] ruling of a trial court, right for any reason supported by the record, should be affirmed on appellate review." Cassels v. Pal, 791 So.2d 947, 954 (Ala. 2001).
I am not convinced that a judgment in favor of Edwards would necessarily be erroneous in light of the record in this case. According to the record, at the time Archie Robinson and Annie Robinson, William Robinson's parents, took possession of the subject property via intestate succession pursuant to § 43-8-42, Ala. Code 1975, they did so under a claim of right based upon the premise that William Robinson had died on May 2, 1979, without any living children; that possession, therefore, would appear to have been in direct opposition to the children's claim to ownership. Edwards, who is Annie Robinson's nephew, testified that he had lived on the subject property since the death of William Robinson and had paid the taxes on the subject property; moreover, the record reveals that he received title to all of his *Page 316 
aunt's real property by devise and that his aunt, in turn, had received title to all of Archie Robinson's land by devise.
Under § 6-2-33(2), Ala. Code 1975, an action "for the recovery of lands" must be brought within 10 years of the accrual of the cause of action. Although two of the children were not of the age of majority (19 years) at the time of William Robinson's death, which afforded them an additional three years from their having reached the age of 19 years to commence an action to recover lands (§ 6-2-8(a), Ala. Code 1975), the youngest of the children attained the age of majority in February 1993. If Archie Robinson and Annie Robinson (and Edwards) can be said to have adversely possessed the land from the death of William Robinson, none of the children could properly have brought an action to recover the subject property after February 1996. See Varden v. Fulmer, 621 So.2d 1320 (Ala. 1993).
Under the ore tenus standard, the trial court's judgment and all implicit findings necessary to support its judgment carry a presumption of correctness, and the trial court's judgment will not be reversed unless found to be plainly and palpably wrong. Transamerica CommercialFin. Corp. v. AmSouth Bank, N.A., 608 So.2d 375, 378 (Ala. 1992). There is no statutory requirement that a trial court must "find the facts specially and state separately its conclusions of law" in adverse-possession actions so as to require express findings in this case under Rule 52(a), Ala.R.Civ.P. Therefore, had the trial court simply ruled in favor of Edwards, or determined that the children's action was time-barred without explicitly mentioning adverse possession in its judgment, I believe that court's judgment could properly have been affirmed under Transamerica because we would have been required to assume that the trial court made those intermediate findings necessary to support its judgment. Here, however, I cannot properly make the assumption that the trial court found Edwards's possession to be adverse, a finding which is necessary to support a judgment in Edwards's favor, because that court stated in its judgment that it would not "discuss" adverse possession. Because I believe that the trial court may not expressly disavow any determination on the issue of adverse possession, I concur in the result to reverse.
CRAWLEY and THOMPSON, JJ., concur.