In case no. 1012101, Star Electrical Contractors, Inc., appeals from the trial court's summary judgment in favor of Stone Building Company, Inc. We reverse and remand. In the cross-appeal, case no. 1012190, Stone Building Company, Inc., appeals from that portion of the trial court's order dismissing this cause as to *Page 1073 
Pennsylvania National Insurance Company. We reverse and remand.
 Background
This is the second time this case has been before us. See StoneBuilding Co. v. Star Elec. Contractors, Inc., 796 So.2d 1076 (Ala. 2000) ("Stone I"). Because the facts and procedural history are adequately developed in Stone I, we see no need to restate here the facts or the tortured history of this 10-year-old litigation. We begin our statement of the facts and history by summarizing our opinion in Stone I.
 Stone I
Stone, a contractor, asserted cross-claims against Star, its subcontractor, in an action filed against Stone by one of its employees, Dennis Cline, and his wife, for injuries Dennis suffered on the job site on August 6, 1991. Upon learning of the Clines' claims, Stone notified Star and requested that Star provide Stone a defense, pursuant to an indemnity agreement contained in the parties' contract.[1] Star and its insurer, Pennsylvania National Insurance Company, refused to provide Stone a defense. Stone eventually entered into settlement negotiations with the Clines and notified Star of those negotiations; Star declined to participate in those negotiations. Stone settled the Clines' claims for $495,000.
In its cross-claims, Stone contended that Star had breached three duties it undertook in its subcontract with Stone: the duty to obtain liability insurance covering Stone; the duty to indemnify Stone for sums it might pay (and, in fact, subsequently paid), in settlement of, or as damages for, claims for job-site injuries suffered by third parties like Cline; and the duty to indemnify Stone for the expenses of its defense of such claims.
While the Clines' action against Stone was pending, the Clines sued Star directly, asserting claims of negligence and wantonness. Those claims were tried before a jury. At trial, the court granted Star a judgment as a matter of law on the wantonness claim and the jury returned a verdict in favor of Star on the negligence claim. Based on that verdict, the trial court entered a summary judgment for Star on Stone's claims for indemnification. Stone appealed from the trial court's summary judgment in favor of Star.
In Stone I, we affirmed in part and reversed in part the summary judgment entered in favor of Star on Stone's cross-claims and remanded the case. The Stone I Court affirmed the summary judgment as to Stone's claim that Star had breached its duty to obtain liability insurance covering Stone, finding that Stone had waived the contractual requirement that Star obtain such liability insurance. Stone I, 796 So.2d at 1089. However, the Stone I Court reversed the summary judgment as to Stone's claim that Star had breached its duty to indemnify Stone for the sums it had paid in settlement of the Clines' claims. The Stone I Court also reversed the summary judgment as to Stone's claim that Star had breached its duty to indemnify Stone for the defense of the Clines' claims. TheStone I Court found that genuine issues of *Page 1074 
material fact precluded a summary judgment on those claims. Although Stone argued that the Court should render a judgment in its favor on the indemnity claim,[2] this Court in Stone I remanded the action to the trial court for further proceedings consistent with that opinion.
 On Remand to the Trial Court
On remand Stone moved the trial court to enter a partial summary judgment in its favor on its claims for indemnity of the settlement amount and on its claims for indemnity of the costs and expenses of conducting its defense. In support of that motion, Stone submitted a copy of the opinion in Stone I, an order of this Court overruling Star's application for a rehearing in Stone I, and an affidavit verifying the attorney fees and expenses incurred by Cincinnati Insurance Company, Stone's insurer, after Stone demanded indemnification from Star. Stone's counsel provided the trial court with a proposed order.
On June 25, 2002, the trial court entered a summary judgment in favor of Stone, awarding Stone the amount of its settlement with the Clines and the attorney fees and expenses incurred by Stone's insurer as documented in the affidavit submitted by Stone. The trial court adopted the proposed order drafted by Stone's counsel. The conclusions of law stated in that order purported to quote from and rely upon Stone I.
Star appeals from the June 25, 2002, order, raising the following issues:
 "I. Whether Stone I's holding that genuine issues of material fact exist precludes summary judgment for Stone.
 "II. Whether the trial court's order relies on a misstatement of law.
 "III. Whether the trial court's order violates Star's right to due process under the law, its right to [a] trial by jury, and its right to freely contract.
 "IV. Whether the trial court erred in awarding Stone damages because Stone suffered no financial loss and no damage as its defense costs and settlement were paid in full by its insurer, Cincinnati Insurance Company."
 Standard of Review
In American Liberty Insurance Co. v. AmSouth Bank, 825 So.2d 786 (Ala. 2002), we recited the standard applicable to our review of a trial court's ruling on a summary-judgment motion:
 "We review this case de novo, applying the oft-stated principles governing appellate review of a trial court's grant or denial of a summary-judgment motion:
 "'We apply the same standard of review the trial court used in determining whether the evidence presented to the trial court created a genuine issue of material fact. Once a party moving for a summary judgment establishes that no genuine issue of material fact exists, the burden shifts to the nonmovant to present substantial evidence creating a genuine issue of material fact. "Substantial evidence" is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." In reviewing a summary judgment, we view the evidence in the light most favorable to the nonmovant and entertain such reasonable inferences as the jury would have been free to draw.'"
825 So.2d at 790, quoting Nationwide Prop. Cas. Ins. Co. v. DPFArchitects, *Page 1075 P.C., 792 So.2d 369, 372 (Ala. 2000) (citations omitted).
 Appeal (case no. 1012101) I. Whether Stone I's holding that genuine issues of material fact exist precludes summary judgment for Stone.
Star argues that the trial court erred in entering a summary judgment for Stone. We agree.
In Stone I, this Court reversed the summary judgment for Star on Stone's claims for indemnification. The trial court had entered a summary judgment for Star because a jury returned a verdict for Star on the Clines' claims of negligence and wantonness. The trial court interpreted this jury verdict to signify that, "'[t]herefore, there was no evidence that Star, or someone acting "by [or] for and on behalf of" Star, including Stone, negligently committed any acts complained of by Cline for which Stone paid damages and now seeks indemnification.'"796 So.2d at 1086. Based on this reasoning, the trial court granted Star's motion for a summary judgment, denied Stone's motion for a summary judgment, and certified the judgment as final for purposes of appeal.
The Stone I Court reversed the summary judgment, holding that the jury verdict, and the judgment entered on that verdict, in favor of Star on Cline's claims of negligence and wantonness did not defeat Stone's right to indemnification. See Stone I, 796 So.2d at 1089-90. Although Stone I
did not elaborate, this holding was based on the law of indemnity, discussed further in this opinion, to the following effect:
 "[I]f the indemnitor has been given notice of the action against the indemnitee and has been given an opportunity to defend or to settle the action, then the indemnitor `is precluded from contesting the indemnitee's liability in a subsequent indemnity or third-party action.' . . .
"'. . . .
 "'. . . [W]hen the indemnitor has notice of the claim and refuses to defend, the indemnitor is bound by any good faith reasonable settlement, and the indemnitee need only show potential liability.'"
Stone I, 796 So.2d at 1090 (emphasis omitted). The Stone I Court implicitly held that, because the indemnitor — Star — had notice of the Clines' claims and refused to defend the indemnitee — Stone — against the Clines' claims, Star was bound by any good-faith reasonable settlement between Stone and the Clines; that Stone, in its claim against Star for indemnification, "need only show potential liability" to the Clines, which was not eliminated by the jury verdict against the Clines on their related and similar claims rendered after the date of the settlement between Stone and the Clines; and that Star was "precluded from contesting the indemnitee's [Stone's] liability" to the Clines even though, after the date of the settlement, the Clines suffered an adverse jury verdict on their related and similar claims.
Accordingly, the jury's finding that Star was not liable to the Clines under a theory of negligence could not resolve the issue whether Star was liable under the indemnity agreement, as the trial court had held in its original summary-judgment order. Thus, the Stone I Court found that the trial court's summary judgment for Star on Stone's claims for indemnification and based upon the jury's verdict in favor of Star was premature.
It is significant that, although requested to do so, the Stone _ Court did not render a judgment for Stone on its claim for indemnification nor did the Court remand the action for the trial court to enter a judgment in favor of Stone on that claim. The Stone I Court expressly found that genuine issues of material fact existed on *Page 1076 
the indemnification claim. It is also significant that, on remand, the only evidence Stone submitted in support of its motion for a partial summary judgment was a copy of theStone _ opinion and an affidavit documenting the amount of legal fees incurred by Stone's insurer after making a demand on Star for indemnification. This evidence does not address whether Star is liable under the indemnity agreement.
Because the trial court has not addressed whether Star's duty to indemnify Stone, under the language of the indemnity agreement and the facts of this case, has been triggered, genuine issues of material fact remain as to that issue. The trial court's summary judgment in favor of Stone, entered in reliance upon Stone I, must be reversed.
 II. Whether the trial court's order relies on a misstatement of law.
Star also contends that the trial court erroneously relied upon a misstatement of the law in entering a summary judgment in favor of Stone. We agree.
In its order, the trial court quoted language from the Stone I
opinion and then applied that language to the facts of this case. The trial court's order provided, in pertinent part:
 "In its opinion, the Alabama Supreme Court stated the following rule regarding indemnity claims:
 "'. . . [I]f the indemnitor has been given notice of the action against the indemnitee and has been given an opportunity to defend or to settle the action, then the indemnitor "is precluded from contesting the indemnitee's liability in a subsequent indemnity or third-party action."'
 "[796 So.2d at 1090]. Thus, the Alabama Supreme Court clearly indicated that if Stone (the indemnitee) gave Star (the indemnitor) notice of the action and an opportunity to defend or settle the action, then it would be Star — and not Stone as the Court previously concluded — that would be precluded from contesting its liability under the indemnification contract.
". . . .
 "The crux of this case is Stone's indemnity claim. In essence, Stone claims that Star is precluded from contesting its liability under the indemnity agreement, according to the rule established by the Alabama Supreme Court in the prior appeal. Thus, Stone contends that it is entitled to a summary judgment. Star, however, contends that a genuine issue of material fact exists as to whether it performed any work under its contract with Stone that caused the Clines' injuries. It also contends that Stone's `loan agreement' with Cincinnati [Insurance Company] is a `sham'; thus, Star contends this Court cannot enter a summary judgment in favor of Stone. Star has not claimed that it was prejudiced by any allegedly tardy notice from Stone regarding the indemnity claim. Star has not contested the reasonableness of Stone's settlement with the Clines. In fact, in open court, Star represented to this Court that it was not contesting the reasonableness of this settlement.
 "As stated above, the relevant facts in this case are undisputed. Star contends that the facts are not undisputed, because, it says, there is evidence that Star is not liable under the indemnity contract. Specifically, Star says that the evidence is conflicting as to whether it caused the Clines' injuries. However, the Court finds that these facts are simply irrelevant under the rule established by the Alabama Supreme Court in this case. In essence, the Alabama Supreme Court has stated that where an indemnitee gives notice to an indemnitor and the indemnitor refuses to defend, the indemnitor cannot later contest its liability under the indemnity agreement. Thus, Star's attempt to relitigate this issue is *Page 1077 
without merit. Moreover, Star has not contended that Stone settled the Clines' claims in bad faith, that Stone's notice caused it prejudice, or that Stone's settlement was unreasonable. Therefore, this Court concludes that Star is precluded from contesting its liability under its indemnity agreement with Stone and that Stone is entitled to a summary judgment on its indemnity claims."
(Emphasis added.)
However, as discussed below, the language emphasized above is not a correct application of Stone I nor is it a correct statement of the law.
In Stone I, the Court noted that Stone had provided Star notice of the Clines' claims and an opportunity to participate in the negotiations that culminated in Stone's settlement with the Clines, but that Star had refused to defend Stone against those claims or to participate in the settlement negotiations. The Court then cited the general rules applicable to indemnity:
 "The general rule is that, `if indemnity is sought against an indemnitor without notice of either the original suit or of the settlement by the indemnitee,' then the indemnitee has the burden of establishing that it was actually liable to the plaintiff and that the settlement was a reasonable one. However, if the indemnitor has been given notice of the action against the indemnitee and has been given an opportunity to defend or to settle the action, then the indemnitor `is precluded from contesting the indemnitee's liability in a subsequent indemnity or third-party action.'
 "'Indemnity against losses does not cover losses for which the indemnitee is not liable to a third person, and which the indemnitee improperly pays. A person legally liable for damages who is entitled to indemnity may settle the claim and recover over against the indemnitor, even though he has not been compelled by judgment to pay the loss. In order to recover, the indemnitee settling the claim must show that the indemnitor was legally liable, and that the settlement was reasonable. In the event that an indemnitor is not afforded the alternative of participating in a settlement or conducting the defense against the original claim, an indemnitee settling the claim will have the burden of establishing actual liability to the original plaintiff rather than the lesser burden of showing potential liability.
 "'However, when the indemnitor has notice of the claim and refuses to defend, the indemnitor is bound by any good faith reasonable settlement, and the indemnitee need only show potential liability.'"
Stone I, 796 So.2d at 1090 (quoting 41 Am. Jur.2d Indemnity § 46 (1995)) (citations omitted; emphasis omitted; emphasis added).
Although the Court in Stone I did not elaborate on this point, the language quoted above indicates that, when an indemnitor has refused to defend the claim and participate in the settlement of that claim, "the indemnitor [in this case, Star] is bound by any good faith reasonable settlement, and the indemnitee [in this case, Stone] need only show potential liability." 796 So.2d at 1090. Thus, this Court in Stone I meant that, under the general rules of indemnity, Stone was not required to prove its actual liability to the Clines as part of its burden of proof in its indemnification claim and Star is precluded from contesting Stone's liability to the Clines for that settlement.[3] See Stone I, *Page 1078 796 So.2d at 1090, quoting Watts v. Talladega Fed. Sav. Loan Ass'n,445 So.2d 316, 320 (Ala.Civ.App. 1984).
In its order, the trial court correctly quoted from the Stone_ opinion; however, in applying the quoted language to this case, the trial court inadvertently changed the word "indemnitee's" to "its." Thus, where the trial court should have concluded that "Star [the indemnitor] [was] precluded from contesting [Stone's, the indemnitee's] liability" for the claims settled with the Clines, the trial court improperly concluded that Star was precluded from contesting its own liability under the indemnification agreement. This is not the law of indemnity, nor is it the law of this case.
As Star asserts, the improper substitution of the pronoun "its" for the word "indemnitee's" caused the trial court to inadvertently misstate the law of indemnity in its order and to improperly conclude that Star was precluded from challenging Stone's claims for indemnification. This misstatement of law also led the trial court to improperly enter a summary judgment for Stone. We reverse the trial court's summary judgment for Stone on its claims for indemnification, finding that genuine issues of material fact exist, which preclude a summary judgment at this time. We remand this cause to the trial court for further proceedings consistent with this opinion.
Because of our resolution of the first two issues, we pretermit any discussion of issues three and four.
 Cross-Appeal (case no. 1012190)
Stone cross-appeals, asserting that in the June 25, 2002, order, in which the trial court entered a summary judgment for Stone on its indemnification claims, the trial court improperly dismissed Stone's claims against Pennsylvania National Insurance Company. We note that in the June 25, 2002, order the trial court did not address any other pending claims or motions. However, on the case action summary, the trial court noted "[b]y said order [of June 25, 2002], this cause is hereby dismissed as to all parties, costs taxed as paid." Stone asserts that the trial court dismissed Pennsylvania National based solely upon its summary judgment in favor of Stone. Pennsylvania National contends that the trial court simply granted Pennsylvania National's motion for a summary judgment that had been pending for approximately two years.
We agree with Stone because we believe that, had the trial court intended to grant Pennsylvania National's pending motion for a summary judgment, the trial court would have specifically referred to that motion and would have addressed the merits of that motion. Because the trial court dismissed the claims against Pennsylvania National based solely upon the summary judgment entered in favor of Stone, and because we have concluded that that summary judgment must be reversed, we also reverse that portion of the trial court's June 25, 2002, order dismissing Stone's claims against Pennsylvania National. We express no opinion on the merits of Stone's claims asserted against Pennsylvania National because those claims and issues are not before us. As to those claims, we remand the case to the trial court for further proceedings consistent with this opinion.
 Conclusion
In case no. 1012101, we find that genuine issues of material fact exist on Stone's claims for indemnification; the existence of those genuine issues of material fact preclude a summary judgment at this time. *Page 1079 
We also find that the trial court's summary-judgment order relied upon a misstatement of the law of indemnity and misconstrued our opinion inStone I. Therefore, in case no. 1012101, we reverse the trial court's summary judgment on Stone's claims for indemnification and we remand this action to the trial court for proceedings consistent with this opinion.
In the cross-appeal (case no. 1012190), we reverse the trial court's order dismissing this cause as to Pennsylvania National Insurance Company and remand for proceedings consistent with this opinion.
1012101 — REVERSED AND REMANDED.
1012190 — REVERSED AND REMANDED.
MOORE, C.J., and HOUSTON, LYONS, BROWN, JOHNSTONE, HARWOOD, and WOODALL, JJ., concur.
[1] The indemnity agreement contained in the subcontract provided, in pertinent part:
 "The Subcontractor [Star] covenants to indemnify and save harmless and exonerate the Contractor [Stone] and the Owner of and from all liability, claims and demands for bodily injury and property damage arising out of the work undertaken by the Subcontractor, its employees, agents or its subcontractors, and arising out of any other operation no matter by whom performed for and on behalf of the Subcontractor, whether or not due in whole or in part to conditions, acts or omissions done or permitted by the Contractor or Owner."
Stone I, 796 So.2d at 1078.
[2] On Star's motion, this Court incorporated into the appeal the record and the briefs filed with this Court in Stone I. Therefore, we may properly consider the arguments presented to the Court in Stone I.
[3] However, Stone must still meet its burden of proof or there must be no dispute as to the following: Stone's potential liability to the Clines; the reasonableness of the $495,000 settlement with the Clines; Stone's good faith in entering into the settlement with the Clines. SeeStone I, 796 So.2d at 1090-91, citing 41 Am. Jur.2d Indemnity § 46 (1995).