Peerless Landfill Company, Inc. ("Peerless"), and Waste Management, Inc. ("Waste Management"), appeal a summary judgment in favor of the Haleyville Solid Waste Disposal Authority ("the Authority"). We reverse and remand.
The Authority controls a landfill in Winston County. In March 1994, Peerless and the Authority entered into a contract ("the Peerless contract") in which Peerless agreed to operate the landfill for the Authority. Section 6.1 of the Peerless contract contained the following indemnity provision:
 "6.1 Hold Harmless. The CONTRACTOR shall hold harmless, indemnify and defend the AUTHORITY, its officers, employees, representatives and agents, from and against any claim, action, loss, damage, injury, liability, cost and expense of whatsoever kind or nature arising out of injury to persons, including death, or damage to property, including any and all costs resulting from environmental contamination, arising out of or incidental to any negligent or intentional act or omission of the CONTRACTOR in the operation of the facility. In the event of joint negligence on the part of the AUTHORITY and the CONTRACTOR, any loss shall be apportioned."
(Emphasis added.) Peerless operated the landfill until April 10, 1996. On April 10, 1996, TransAmerican Waste Industries, Inc. ("TransAmerican"), and the Authority entered into a contract ("the TransAmerican contract") in which TransAmerican agreed to assume Peerless's rights and obligations under the Peerless contract.[1] TransAmerican and the Authority also *Page 314 
agreed, among other things, to amend the indemnity provision in the Peerless contract so that it provided, in pertinent part:
 "Hold Harmless. The CONTRACTOR shall hold harmless, indemnify and defend the AUTHORITY, including without limitation the members of its board, its officers, employees, representatives and agents, from and against any claim, action, loss, damage, injury, liability, cost and expense of whatsoever kind or nature (`Claims'), including Claims alleging injury to persons (including death), or damage to property (including without, limitation environmental contamination or alleged contamination), to the extent such Claim arises out of or [is] related or is incidental to any negligent or intentional act or omission of the CONTRACTOR in the operation of the Facility."
(Emphasis added.) Subsequent to TransAmerican's assumption of Peerless's rights and obligations under the Peerless contract, TransAmerican became Waste Management.
Waste Management was operating the landfill on October 9, 1999, when a fire occurred there. Two years later, on October 9, 2001, several individuals who owned property near the landfill ("the individual plaintiffs") sued the Authority, Peerless, and Waste Management, alleging, among other things, that negligence on the part of the Authority, Peerless, and Waste Management proximately caused the fire to damage the individual plaintiffs' property. The Authority sent Waste Management a letter demanding that Waste Management defend and indemnify it against the individual plaintiffs' claims; however, Waste Management did not respond. Therefore, the Authority paid its own attorneys to defend it against the individual plaintiffs' claims. The Authority also filed a cross-claim against Peerless and Waste Management in which the Authority sought, among other things, contractual indemnity for the amount it had paid its attorneys to defend it against the claims of the individual plaintiffs.
Thereafter, the Authority, Peerless, and Waste Management moved the trial court for summary judgments on the claims of the individual plaintiffs. The trial court granted the Authority's summary-judgment motion with respect to all of the individual plaintiffs' claims and granted Peerless and Waste Management's summary-judgment motion with respect to all of the individual plaintiffs' claims other than their negligence claim. Subsequently, Peerless and Waste Management paid the individual plaintiffs a sum of money to settle their negligence claim, although Peerless and Waste Management disclaimed liability in the settlement documents.
The Authority then moved the trial court to enter a partial summary judgment in its favor on its cross-claim against Peerless and Waste Management. Specifically, the Authority sought a summary judgment on the issue of liability with respect to its contractual-indemnity claim. The Authority argued that the indemnity provision of the Peerless contract, as amended by the TransAmerican contract, clearly and unambiguously obligated Peerless and Waste Management to provide the Authority with a defense against the individual plaintiffs' claims because those claims arose from the operation of the landfill and, therefore, entitled the Authority to recover the attorneys' fees it had incurred in defending itself against the individual plaintiffs' claims.
Peerless and Waste Management argued that the Authority was not entitled to the partial summary judgment it sought because: (1) the individual plaintiffs had claimed that the Authority was directly *Page 315 
liable for its own negligence rather than claiming that it was vicariously liable for the negligence of Peerless or Waste Management and the indemnity provision did not require Peerless and Waste Management to defend the Authority against claims based on its own negligence; and (2) the indemnity agreement only required Peerless and Waste Management to defend the Authority if Peerless and Waste Management committed negligence or an intentional tort and a genuine issue of material fact existed regarding whether Peerless and Waste Management had committed negligence or an intentional tort in connection with the fire.
The trial court held a hearing and allowed the parties to submit additional evidence in support of, and in opposition to, the partial-summary-judgment motion. On March 16, 2005, the trial court entered an order granting the Authority's partial-summary-judgment motion without stating its rationale. Thereafter, the trial court received evidence ore tenus regarding the issue of damages and, on April 22, 2005, entered a judgment in favor of the Authority in the amount of $43,238.81, the amount the Authority had paid its attorneys to defend it against the individual plaintiffs' claims. Subsequently, Peerless and Waste Management timely appealed to this court.
On appeal, Peerless and Waste Management first argue that the trial court erred in entering a partial summary judgment in favor of the Authority with regard to liability on its contractual-indemnity claim because: (1) the clear and unambiguous language of the indemnity agreement conditioned their obligation to indemnify the Authority on Peerless's or Waste Management's having committed negligence or an intentional tort; and (2) a genuine issue of material fact existed regarding whether Peerless or Waste Management had committed negligence or an intentional tort in connection with the fire.
In response, the Authority argues that the clear and unambiguous language of the indemnity agreement obligates Peerless and Waste Management to provide the Authority with a defense against all claims arising from the operation of the landfill regardless of whether Peerless or Waste Management had committed negligence or an intentional tort. In the alternative, the Authority, citing Star ElectricalContractors, Inc. v. Stone Building Co., 863 So.2d 1071
(Ala. 2003), argues that, regardless of whether the indemnity provision conditions Peerless's and Waste Management's obligation to indemnify on their having committed negligence or an intentional tort, their refusal to defend the Authority after the Authority gave them notice of the individual plaintiffs' claims precludes them from asserting that that condition has not been met.
 "Appellate review of a summary judgment is de novo. Ex parte Ballew, 771 So.2d 1040 (Ala. 2000). A motion for a summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. A party moving for a summary judgment must make a prima facie showing `that there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law.' Rule 56(c)(3); see Lee v. City of Gadsden, 592 So.2d 1036, 1038 (Ala. 1992). If the movant meets this burden, `the burden then shifts to the nonmovant to rebut the movant's prima facie showing by "substantial evidence."' Lee, 592 So.2d at 1038 (footnote omitted). `[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be *Page 316 
proved.' West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989); see Ala. Code 1975, § 12-21-12(d)."
Hunt v. NationsCredit Fin. Servs. Corp.,902 So.2d 75, 83 (Ala.Civ.App. 2004).
In determining whether the language of the indemnity provision conditions Peerless's and Waste Management's obligation to defend the Authority on Peerless's or Waste Management's having committed negligence or an intentional tort, we employ well-established principles of contract interpretation. This court has summarized those principles as follows:
 "It is well settled that the words of a contract are to be given their ordinary meaning and that the intention of the parties is to be derived, if possible, from the provisions of the contract itself. Food Serv. Distribs., Inc. v. Barber, 429 So.2d 1025, 1028 (Ala. 1983) (citing Sisco v. Empiregas, Inc., 286 Ala. 72, 237 So.2d 463
(1970)). Where a contract, by its terms, is plain and free from ambiguity, there is no room for construction and the contract must be enforced as written. Ex parte Conference America, Inc., 713 So.2d 953, 956 (Ala. 1998); Ex parte South Carolina Ins. Co., 683 So.2d 987, 989 (Ala. 1996). `[A] document is unambiguous if only one reasonable meaning emerges.' Wayne J. Griffin Elec., Inc. v. Dunn Constr. Co., 622 So.2d 314, 317 (Ala. 1993). In other words, `[w]hen any aspect of a contract is capable of more than one meaning, it is ambiguous.' Voyager Life Ins. Co. v. Whitson, 703 So.2d 944, 948 (Ala. 1997). When the terms of a contract are ambiguous, the true meaning of the contract becomes a question for the fact-finder. Mooney v. Henderson Walton Women's Center-East, Inc., 684 So.2d 1340 (Ala.Civ.App. 1996). `If one must go beyond the four corners of the agreement in construing an ambiguous agreement, the surrounding circumstances, including the practical construction put on the language of the agreement by the parties to the agreement, are controlling in resolving the ambiguity.' Voyager Life Ins. Co., 703 So.2d at 949."
Austin Apparel, Inc. v. Bank of Prattville,872 So.2d 158, 165 (Ala.Civ.App. 2003).
Applying those principles to the indemnity provision now before us, we find that the plain language of the indemnity provision in the TransAmerican contract, as well as the indemnity provision in the Peerless contract it superseded, obligated Peerless and Waste Management to defend the Authority against claims only "to the extent such Claim[s] arise out of or [are] related or [are] incidental to any negligent or intentional act or omission of the CONTRACTOR in the operation of the Facility." Thus, the plain language of the indemnity provision required Peerless and Waste Management to defend the Authority only if Peerless or Waste Management had committed negligence or an intentional tort. Had the parties intended to provide that Peerless and Waste Management were obligated to defend the Authority against all claims arising out of the operation of the landfill regardless of whether Peerless or Waste Management had committed negligence or an intentional tort, they could have expressed that intent. For example, they could have stated that Peerless and Waste Management were obligated to defend the Authority against "all claims arising from the operation of the landfill regardless of whether Peerless and Waste Management are liable for those claims." However, the parties did not express such an intent. Therefore, we conclude that the indemnity provision conditions Peerless's and Waste Management's obligation to indemnify the Authority on Peerless's or Waste Management's having *Page 317 
committed negligence or an intentional tort.
We also find no merit in the Authority's alternative argument that Star Electrical stands for the proposition that Peerless's and Waste Management's refusal to defend the Authority after the Authority gave them notice of the individual plaintiffs' claims precludes Peerless and Waste Management from asserting that the condition precedent to their obligation to indemnify the Authority has not been met. In StarElectrical, the supreme court reiterated the well-established principle of indemnity law that "`"[w]hen the indemnitor has notice of the claim [against the indemnitee] and refuses to defend [the indemnitee], the indemnitor is bound by any good faith reasonable settlement [the indemnitee enters into with the claimant], and the indemnitee need only show [its] potential liability [to the claimant]."'" 863 So.2d at 1075
(quoting Stone Bldg. Co. v. Star Elec. Contractors,Inc., 796 So.2d 1076, 1090 (Ak.2000)). However, StarElectrical does not hold that an indemnitor's refusal to defend the indemnitee after receiving notice of the claim against the indemnitee precludes the indemnitor from contesting whether the indemnity agreement obligates the indemnitor to indemnify the indemnitee against that claim. Therefore, the Authority's reliance on Star Electrical is unavailing.
Accordingly, because the plain language of the indemnity provision conditioned Peerless's and Waste Management's obligation to indemnify the Authority upon Peerless's or Waste Management's having committed negligence or an intentional tort, we must determine whether the Authority established the nonexistence of a genuine issue of material fact regarding whether Peerless or Waste Management committed negligence or an intentional tort in connection with the fire. Neither the denial of Peerless and Waste Management's summary-judgment motion with respect to the individual plaintiffs' negligence claim nor Peerless and Waste Management's subsequent payment of money to settle that claim constituted an adjudication that they committed negligence or an intentional tort with respect to the fire. Moreover, the Authority did not submit evidence establishing a prima facie case that Peerless or Waste Management committed such torts in support of the Authority's motion for a partial summary judgment on the issue of liability. Thus, the Authority did not establish the nonexistence of a genuine issue of material fact regarding whether Peerless or Waste Management committed negligence or an intentional tort in connection with the fire. Consequently, the trial court erred in entering a partial summary judgment in favor of the Authority on the issue of liability. SeeHunt, supra. Therefore, we must reverse the trial court's judgment and remand the case for further proceedings consistent with this opinion.
Our resolution of the first issue raised by Peerless and Waste Management pretermits discussion of the other issue they have raised.
REVERSED AND REMANDED.
CRAWLEY, P.J., and PITTMAN and MURDOCK, JJ., concur.
THOMPSON, J., concurs specially, with writing.
[1] Apparently, Peerless became a guarantor of TransAmerican's performance of Peerless's obligations under the Peerless contract.